## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE JONES | : CIVIL ACTION – LAW |
| 211 Paul Pines Drive | : |
| West Chester, PA  19380 | : |
| | : |
| Plaintiff | : No. |
| vs. | : |
| | : |
| EASTERN AIRLINES, LLC | : JURY TRIAL DEMANDED |
| 550 E. Swedesford Road, #210 | : |
| Wayne, PA  19087 | : |
| and | : |
| JOSEPH MAROTTA | : |
| c/o Eastern Airlines, LLC | : |
| 550 E. Swedesford Road, #210 | : |
| Wayne, PA  19087 | : |
| and | : |
| STEVE HARFST | : |
| c/o Eastern Airlines, LLC | : |
| 550 E. Swedesford Road, #210 | : |
| Wayne, PA  19087 | : |
| | : |
| Defendants | : |

### COMPLAINT

### JURISDICTION

1. This Court has original subject matter jurisdiction of this case under 28 U.S.C. §§1331 and 1341 and 42 U.S.C. §2000e-5, inasmuch as the matters in controversy are brought pursuant to the Families First Coronavirus Response Act ("FFCRA"), Pub.L. No. 116-127, 134 Stat. 178 (2020).

2. Venue is proper in the Eastern District of Pennsylvania because at the time of the incidents in question, Plaintiff lived in Chester County, Plaintiff worked in Chester County, and Eastern Airlines, LLC had its principal place of business in Chester County.

1

## FACTUAL ALLEGATIONS

3.   Plaintiff Stephanie Jones ("Plaintiff") is an adult Chester County resident living at 211 Paul Pines Drive, West Chester, PA 19380.

4.   Defendant Eastern Airlines, LLC (hereinafter "Defendant Eastern Airlines") is a corporation with a business address of 550 E. Swedesford Road, #210, Wayne, PA 19087.

5.   Defendant Joseph Marotta (hereinafter "Defendant Marotta") at all times relevant hereto was Defendant Eastern Airlines, LLC's Human Resource Consultant with a business address of 550 E. Swedesford Road, #210, Wayne, PA 19087.

6.   Defendant Steve Harfst (hereinafter "Defendant Harfst") at all times relevant hereto was Defendant Eastern Airlines, LLC's Chief Executive Officer with a business address of 550 E. Swedesford Road, #210, Wayne, PA 19087.

7.   At all relevant times, Defendant Eastern Airlines is a company with less than 500 employees subject to the recently-enacted Families First Coronavirus Response Act (FFCRA), which in turn is comprised of the Emergency Paid Sick Leave Act (EPSLA) and the Emergency Family and Medical Leave Expansion Act (EFMLEA).

8.   On October 1, 2019, Plaintiff was hired to work for Defendant Eastern Airlines as the Director of Revenue Management earning $125,000 a year plus benefits.

9.   Plaintiff is a single mother with an 11-year-old son.

10.   Plaintiff's son could not go to school because it was closed due to the coronavirus.

11.   Plaintiff requested a discussion of her options because of the childcare issues brought about from the school closure.

12. Before March 20, 2020, Plaintiff had oral discussions and web chat discussions on "TEAMS," a web interaction program, with supervisor Josh Bustos, concerning her childcare issues and options.

13. On Friday, March 20, 2020, Plaintiff had a discussion with Mr. Bustos before noon and with Ken Johnson, the Vice President of Commercial, after 5 p.m., about the heavy level of work she was doing and her childcare responsibilities. Plaintiff asked for a limited period (2 hours a day) of flex time to handle her childcare issues and the continued ability to work at home. This inquiry remained unanswered at that time.

14. On Friday, March 20, 2020, Plaintiff also raised her childcare issues with the Manager of Compliance Programs in Human Resource, Kim Kelleher, via e-mail about 5:50 p.m., and asked for her options in light of her son's situation, one of which Plaintiff raised was unemployment.

15. Ms. Kelleher forwarded Plaintiff's email to Defendant Marotta who was acting as Defendant's chief Human Resource official even though he appears to technically be a consultant. He responded to the e-mail after it had been forwarded, but only did so several days later as described below.

16. On Sunday, March 22, 2020, Plaintiff sent an e-mail to Mr. Bustos and Mr. Johnson indicating she had not heard back from them regarding her need for continued flexibility to work at home.

17. On Monday, March 23, 2020, Plaintiff had a tele-meeting via phone with Defendant Marotta.

18. Plaintiff raised her potential leave eligibility under the FFCRA with him.

19. On or about Tuesday, March 24, 2020, Plaintiff formally requested that Defendant Eastern Airlines provide her with FFCRA leave.

3

20. A request for FFCRA leave is protected activity under the FFCRA.

21. Plaintiff requested FFCRA leave in the following email directed to Defendant Marotta, who worked in a Human Resource consultant role for Defendant Eastern Airlines, with a copy of the email being sent to Defendant Eastern Airline's Chief Executive Officer Steve Harfst:

> **From:** Stephanie Jones <sjones@goeasternair.com>
>
> **Sent:** Tuesday, March 24, 2020 12:07 PM
>
> **To:** Joe Marotta <jmarotta@goeasternair.com>
>
> **Cc:** Steve Harfst <sharfst@goeasternair.com>
>
> **Subject:** Leave
>
> Hello Joe,
>
> Thank you calling me yesterday to discuss my concerns. I agree that these are unprecedented times and we are all trying to navigate through this pandemic the best we can. Just to recap our conversation: Ken and Josh expected for me to come into the office on Monday even though schools and childcare are unavailable. In an email, I respectfully asked for the flexibility to continue to do my job from home and also help my son stay on task with his school work. As of today, I have not heard a response from Ken or Josh regarding my request. I have asked a fellow employee in a similar situation how they are managing and they said that their leader has been understanding and flexible in this situation. If we are working at the same company, I am not sure why I am excluded from the same.
>
> You did ask me under normal circumstances would I be able to balance work and home. To reiterate, under normal circumstances my son would be at school being taught and provided for by the school system Monday-Friday. I would be at work doing the day to day duties expected of me. Because these are not normal circumstances, the challenge is being expected to work normal hours, nights, weekends and balancing home. I asked for flexibility and unfortunately it seems like I am not eligible for that option. My work ethic has been impeccable. I have worked long hours/weekends to help set the ground work and foundation of where commercial service is today. I enjoy my job and am proud to be part of the Eastern story. In our phone conversation, you said that Eastern has to put the operations first above all and I completely understand. You said you

4

cannot make Ken or Josh be flexible. You said my options are to resign or take leave. I have to put my family first and I am respectfully asking you to proceed with the process *of the* expanded family and medical leave under the Families First Coronavirus Response Act. Please let me know what information you need from me in order to file the necessary paperwork.

Respectfully,

Stephanie

22. Defendant Marotta responded in a fashion that showed open hostility to Plaintiff's request for leave:

Hello Stephanie,

The way we left it yesterday after spending a great deal of time hearing your concerns yesterday was I specifically advised that I would get back to you shortly. You apparently have chosen not wait even 24 hours for a response even though you are currently working from home. As I advised yesterday, People Services will work with you, but by sending emails such as below, you make it harder and more difficult for yourself, and for us. You will get a response shortly. I did in fact speak with Ken Johnson yesterday following our phone call. I am also well aware of the various new laws that you've had time to look up while at home. As I mentioned yesterday the new laws are there as a safety net for employees not as a hammer to force management into making decisions which may not be in the best interest of the company or yourself.

I will reach back out as I committed shortly and when I have something to communicate.

23. No one from Defendant Eastern Airlines got back to Plaintiff on Wednesday, March 25, 2020 or Thursday March 26, 2020.

24. Plaintiff was terminated on March 27, 2020.

25. Defendant Marotta terminated Plaintiff in a phone call.

26. Defendant Marotta claimed that these were unprecedented times, that it was in the best interests of the parties to part ways, and alluded to "conflict" between Plaintiff and others at the

5

company.

27.  Plaintiff vociferously denied any conflict and indicated there was no documentation to back Defendant Marotta's claim.

28.  Defendant Marotta said he was not going to get into specifics, but Ken Johnson said there was conflict and Defendant Harfst said there was conflict.

29.  Several employees of Defendant Eastern Airlines called Plaintiff requesting information on how to do certain aspects of her duties between the time she requested FFCRA leave on March 24, 2020 and the time she was terminated on March 27, 2020.

30.  At no time did management respond to Plaintiff's leave request.

31.  Defendant Eastern Airlines was not eligible for an exemption under the FFCRA, having 50 or more employees and, indeed, did not seek or obtain an exemption.

32.  Defendant Eastern Airlines has caused Plaintiff to lose wages because of its conduct.

33.  Plaintiff is entitled under the FFCRA to liquidated damages (including interest) unless the employer (Defendant Eastern Airlines) proves its actions were in good faith compliance with the FFCRA and that it had objectively reasonable grounds to think its conduct did not violate the FFCRA.

34.  Defendant Eastern Airlines, by and through its CEO, managers, HR officials, and HR consultants, many of the foregoing holding positions of authority, violated Plaintiff's rights under the FFCRA willfully qualifying her for liquidated damages.

35.  Plaintiff's counsel has incurred attorney's fees and costs which are recoverable under the FFCRA.

36.  Defendant Eastern Airlines' management and Human Resource officials/consultants perpetrated, aided or abetted illegal conduct under the FFCRA by Defendant Eastern Airlines by

the aforesaid conduct.

37.  Plaintiff sustained damages as a result of Defendant Eastern Airlines' conduct, including lost compensation and benefits (including medical benefits, 401K and life insurance contributions, and other benefits) and actual monetary losses, liquidated damages, attorney's fees, costs and witness fees, and is entitled to equitable relief, including reinstatement, and an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009).

38.  There is a causal link between the adverse actions and the employment actions herein.

## COUNT I

## FAMILIES FIRST CORONAVIRUS RESPONSE ACT (FFCRA)

## STEPHANIE JONES v. EASTERN AIRLINES, LLC

## FFCRA INTERFERENCE

39.  Plaintiff incorporates paragraphs 1 through 38 herein by reference.

40.  Defendant Eastern Airlines is a company with less than 500 employees and is thus subject to the FFCRA.

41.  Plaintiff was eligible for sick leave and paid leave under the FFCRA.

42.  Plaintiff requested leave because she perceived she was unable to work because of a bona fide need to care for her child (under 18 years of age) whose school or childcare provider was closed or unavailable for reasons related to COVID-19.

43.  Plaintiff was terminated as a result of her protected activity.

44.  Defendant Eastern Airlines unlawfully retaliated and otherwise discriminated against Plaintiff because of conduct protected by the FFCRA.

45.  Defendant Eastern Airlines' conduct was not in good faith and Defendant Eastern Airlines did not have reasonable grounds for believing it did not violate the FFCRA.

7

46. Defendant Eastern Airlines' conduct was willful and Defendant Eastern Airlines intended to deprive Plaintiff of rights under the FFFCRA.

47. Defendant Eastern Airlines willfully interfered with and punished Plaintiff for exercising her FFCRA rights.

48. Defendant Eastern Airlines illegally terminated Plaintiff in violation of the FFCRA.

49. There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

50. Plaintiff sustained damages as a result of Defendant Eastern Airlines' conduct.

51. Defendant Eastern Airlines is liable for liquidated damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) an amount of liquidated damages unless Defendant Eastern Airlines' violation was in good faith and Defendant Eastern Airlines had reasonable grounds for believing it did not violate the Act; (3) equitable relief such as employment, reinstatement or promotion or payment of health care expenses; (4) a reasonable attorney's fee; (5) Plaintiff's expert witness fee, if any; (6) reinstatement to her former position (with all back benefits she would have been entitled to); (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT II

### FAMILIES FIRST CORONAVIRUS RESPONSE ACT (FFCRA)

### STEPHANIE JONES v. JOSEPH A. MAROTTA

### FFCRA VIOLATIONS

52. Plaintiff incorporates paragraphs 1 through 51 herein by reference.

8

53. At all times, Defendant Marotta was acting in an agency and representative capacity with Defendant Eastern Airlines.

54. Plaintiff was eligible for sick leave and paid leave under the FFCRA.

55. Plaintiff requested leave because she perceived she was unable to work because of a bona fide need to care for her child (under 18 years of age) whose school or childcare provider was closed or unavailable for reasons related to COVID-19.

56. Plaintiff was terminated as a result of her protected activity.

57. Defendant Marotta knew that Plaintiff requested FFCRA leave.

58. Defendant Marotta was angered by Plaintiff's request for FFCRA leave.

59. Defendant Marotta terminated and unlawfully retaliated and otherwise discriminated against Plaintiff because of conduct protected by the FFCRA.

60. Defendant Marotta's conduct was not in good faith and Defendant Marotta did not have reasonable grounds for believing he did not violate the FFCRA.

61. Defendant Marotta's conduct was willful and Defendant Marotta intended to deprive Plaintiff of rights under the FFCRA.

62. Defendant Marotta willfully interfered with and punished Plaintiff for exercising her FMLA rights.

63. There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

64. Plaintiff sustained damages as a result of Defendant Marotta's conduct.

65. Defendant is liable for liquidated damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front

pay; (2) an amount of liquidated damages unless Defendant Marotta's violation was in good faith and Defendant Marotta had reasonable grounds for believing he did not violate the Act; (3) equitable relief such as employment, reinstatement or promotion or payment of health care expenses; (4) a reasonable attorney's fee; (5) Plaintiff's expert witness fee, if any; (6) reinstatement to her former position (with all back benefits she would have been entitled to); (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT III

### FAMILIES FIRST CORONAVIRUS RESPONSE ACT (FFCRA)

### STEPHANIE JONES v. STEVE HARFST

### FFCRA VIOLATIONS

66. Plaintiff incorporates paragraphs 1 through 65 herein by reference.

67. At all times, Defendant Harfst was acting in an agency and representative capacity with Defendant Eastern Airlines.

68. Plaintiff was eligible for sick leave and paid leave under the FFCRA.

69. Plaintiff requested leave because she perceived she was unable to work because of a bona fide need to care for her child (under 18 years of age) whose school or childcare provider was closed or unavailable for reasons related to COVID-19.

70. Plaintiff was terminated as a result of her protected activity.

71. Defendant Harfst knew that Plaintiff requested FFCRA leave.

72. Defendant Harfst was involved in the decision to terminate Plaintiff.

73. Defendant Harfst terminated and unlawfully retaliated and otherwise discriminated against Plaintiff because of conduct protected by the FFCRA.

74. Defendant Harfst's conduct was not in good faith and Defendant Harfst did not have reasonable grounds for believing he did not violate the FFCRA.

75. Defendant Harfst's conduct was willful and Defendant Harfst intended to deprive Plaintiff of rights under the FFCRA.

76. Defendant Harfst willfully interfered with and punished Plaintiff for exercising her FMLA rights.

77. There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

78. Plaintiff sustained damages as a result of Defendant Harfst's conduct.

79. Defendant Harfst is liable for liquidated damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) an amount of liquidated damages unless Defendant Harfst's violation was in good faith and Defendant Harfst had reasonable grounds for believing he did not violate the Act; (3) equitable relief such as employment, reinstatement or promotion or payment of health care expenses; (4) a reasonable attorney's fee; (5) Plaintiff's expert witness fee, if any; (6) reinstatement to her former position (with all back benefits she would have been entitled to); (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT IV

### FAMILIES FIRST CORONAVIRUS RESPONSE ACT (FFCRA)

### STEPHANIE JONES v. EASTERN AIRLINES, LLC

### FFCRA RETALIATION

80.  Plaintiff incorporates paragraphs 1 through 79 herein by reference.

81.  Defendant Eastern Airlines is a company with less than 500 employees and is thus subject to the FFCRA.

82.  Plaintiff was eligible for sick leave and paid leave under the FFCRA.

83.  Plaintiff requested leave because she perceived she was unable to work because of a bona fide need to care for her child (under 18 years of age) whose school or childcare provider was closed or unavailable for reasons related to COVID-19.

84.  Plaintiff was terminated as a result of her protected activity.

85.  Defendant Eastern Airlines unlawfully retaliated and otherwise discriminated against Plaintiff because of conduct protected by the FFCRA.

86.  Defendant Eastern Airlines' conduct was not in good faith and Defendant Eastern Airlines did not have reasonable grounds for believing it did not violate the FFCRA.

87.  Defendant Eastern Airlines' conduct was willful and Defendant Eastern Airlines intended to deprive Plaintiff of rights under the FFFCRA.

88.  Defendant Eastern Airlines willfully interfered with and punished Plaintiff for exercising her FFCRA rights.

89.  Defendant Eastern Airlines illegally terminated Plaintiff in violation of the FFCRA.

90.  There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

91. Plaintiff sustained damages as a result of Defendant Eastern Airlines' conduct.

92. Defendant Eastern Airlines is liable for liquidated damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) an amount of liquidated damages unless Defendant Eastern Airlines' violation was in good faith and Defendant Eastern Airlines had reasonable grounds for believing it did not violate the Act; (3) equitable relief such as employment, reinstatement or promotion or payment of health care expenses; (4) a reasonable attorney's fee; (5) Plaintiff's expert witness fee, if any; (6) reinstatement to her former position (with all back benefits she would have been entitled to); (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT V

### FAMILIES FIRST CORONAVIRUS RESPONSE ACT (FFCRA)

### STEPHANIE JONES v. JOSEPH A. MAROTTA

### FFCRA RETALIATION

93. Plaintiff incorporates paragraphs 1 through 92 herein by reference.

94. At all times, Defendant Marotta was acting in an agency and representative capacity with Defendant Eastern Airlines.

95. Plaintiff was eligible for sick leave and paid leave under the FFCRA.

96. Plaintiff requested leave because she perceived she was unable to work because of a bona fide need to care for her child (under 18 years of age) whose school or childcare provider was closed or unavailable for reasons related to COVID-19.

97. Plaintiff was terminated as a result of her protected activity.

98. Defendant Marotta knew that Plaintiff requested FFCRA leave.

99. Defendant Marotta was angered by Plaintiff's request for FFCRA leave.

100. Defendant Marotta terminated and unlawfully retaliated and otherwise discriminated against Plaintiff because of conduct protected by the FFCRA.

101. Defendant Marotta's conduct was not in good faith and Defendant Marotta did not have reasonable grounds for believing he did not violate the FFCRA.

102. Defendant Marotta's conduct was willful and Defendant Marotta intended to deprive Plaintiff of rights under the FFCRA.

103. There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

104. Plaintiff sustained damages as a result of Defendant Marotta's conduct.

105. Defendant Marotta is liable for liquidated damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) an amount of liquidated damages unless Defendant Marotta's violation was in good faith and Defendant Marotta had reasonable grounds for believing he did not violate the Act; (3) equitable relief such as employment, reinstatement or promotion or payment of health care expenses; (4) a reasonable attorney's fee; (5) Plaintiff's expert witness fee, if any; (6) reinstatement to her former position (with all back benefits she would have been entitled to); (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT VI

### FAMILIES FIRST CORONAVIRUS RESPONSE ACT (FFCRA)

### STEPHANIE JONES v. STEVE HARFST

### FFCRA RETALIATION

106. Plaintiff incorporates paragraphs 1 through 105 herein by reference.

107. At all times, Defendant Harfst was acting in an agency and representative capacity with Defendant Eastern Airlines.

108. Plaintiff was eligible for sick leave and paid leave under the FFCRA.

109. Plaintiff requested leave because she perceived she was unable to work because of a bona fide need to care for her child (under 18 years of age) whose school or childcare provider was closed or unavailable for reasons related to COVID-19.

110. Plaintiff was terminated as a result of her protected activity.

111. Defendant Harfst knew that Plaintiff requested FFCRA leave.

112. Defendant Harfst was involved in the decision to terminate Plaintiff.

113. Defendant Harfst terminated and unlawfully retaliated and otherwise discriminated against Plaintiff because of conduct protected by the FFCRA.

114. Defendant Harfst's conduct was not in good faith and Defendant Harfst did not have reasonable grounds for believing he did not violate the FFCRA.

115. Defendant Harfst's conduct was willful and Defendant Harfst intended to deprive Plaintiff of rights under the FFCRA.

116. There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

117. Plaintiff sustained damages as a result of Defendant Harfst's conduct.

118. Defendant Harfst is liable for liquidated damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) an amount of liquidated damages unless Defendant Harfst's violation was in good faith and Defendant Harfst had reasonable grounds for believing he did not violate the Act; (3) equitable relief such as employment, reinstatement or promotion or payment of health care expenses; (4) a reasonable attorney's fee; (5)  Plaintiff's expert witness fee, if any; (6) reinstatement to her former position (with all back benefits she would have been entitled to); (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

Respectfully submitted,

Date:   4/15/2020

By:  s/Edward C. Sweeney
Edward C. Sweeney, Esquire
Attorney for Plaintiff
I.D. No.  64565
Wusinich & Sweeney, LLC
211 Welsh Pool Road, Suite 236
Exton, PA  19341
(610) 594-1600
Validation of signature code: ECS1942