IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE JONES,<br><br>                    Plaintiff,<br><br>v.<br><br>EASTERN AIRLINES, LLC, JOSEPH MAROTTA, and STEVEN HARFST,<br><br>                    Defendants. | **Docket No.: 2:20-cv-1927**<br><br>*Electronically Filed* |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER** *Fed. R. Civ. P.* **12(B)(6)**

**FORDHARRISON LLP**

Mark A. Saloman, Esq.
300 Connell Drive, Suite 4100
Berkeley Heights, NJ 07922
Tel.: 973-646-7300
msaloman@fordharrison.com

Counsel for Defendants
*Eastern Airlines, LLC, Joseph Marotta, and Steven Harfst*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY.................................................... 2

ARGUMENT.................................................................................................................................. 2

    I.    Plaintiff's Lawsuit Should be Dismissed Because All Allegations Of Purported Wrongdoing Occurred Before The Effective Date of the FFCRA ........................................... 2

        A.    The FFCRA Took Effect On April 2, 2020, Creating New Leave Rights For Employees........................................................................................................................ 3

        B.    Consistent With Prior Remedial Legislation, The Deeply Rooted Presumption Against Retroactivity Mandates Conduct Which Precedes The Effective Date Of The FFCRA's Enactment Is Not Actionable. ................................................................................................ 4

CONCLUSION............................................................................................................................. 10

**TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*Aramburu v. Boeing Co.*,
No. 93-4064-SAC, 1993 U.S. Dist. LEXIS 18620 (D. Kan. Dec. 28, 1993) .......................... 8

*Associated Builders & Contrs. v. County of Northampton* ,
376 F. Supp. 3d 476 (E.D. Pa. 2019) .......................................................................... 2

*Bermingham v. Sony Corp. of Am.*,
820 F. Supp. 834 (D.N.J. 1992) .................................................................................. 6

*Bishop v. Okidata, Inc.*,
864 F. Supp. 416 (D.N.J. 1994) ......................................................................... 7, 8, 10

*Bowen v. Georgetown Univ. Hosp.*,
488 U.S. 204 (1988) .................................................................................................... 6

*Britting v. Sec'y, VA*,
409 F. App'x 566 (3d Cir. 2011) ................................................................................ 8

*Burke v. Nalco Chem. Co.*,
No. 96 C 981, 1996 U.S. Dist. LEXIS 10190 (N.D. Ill. July 17, 1996) ................................. 9

*Caruthers v. P&G Mfg.*,
961 F. Supp. 1484 (D. Kan. 1997) ............................................................................. 9

*Chaussinand v. Guttman Oil Co.*,
Civil Action No. 08-1714, 2009 U.S. Dist. LEXIS 60830 (W.D. Pa. July 15, 2009) ............ 10

*ESI/Employee Sols., L.P. v. City of Dall.*,
Case No. 4:19-CV-570-SDJ, 2020 U.S. Dist. LEXIS 55099 (E.D. Tex. Mar. 30, 2020) ........ 3

*Hughes Aircraft Co. v. Schumer ex rel. Schumer*,
520 U.S. 939 (1997) .................................................................................................... 9

*Lander v. ABF Freight Sys.*,
459 F. App'x 89 (3d Cir. 2012) .................................................................................. 8

*Lynce v. Mathis*,
519 U.S. 433, 117 S. Ct. 891 (1997) .......................................................................... 4

*Mathews v. Kidder, Peabody & Co.* ,
161 F.3d 156 (3d Cir. 1998) ................................................................................ 4, 5, 6

*Matthews v. Freedman*,
Civil Action No. 88-3127, 1993 U.S. Dist. LEXIS 7662 (E.D. Pa. June 8, 1993) .................. 6

*Raya v. Maryatt Indus.*,
   829 F. Supp. 1169 (N.D. Cal. 1993) ........................................................................................ 8

*Robbins v. Bureau of Nat'l Affairs*,
   896 F. Supp. 18 (D.D.C. 1995) ............................................................................................. 10

*Schlett v. Avco Fin. Servs.*,
   950 F. Supp. 823 (N.D. Ohio 1996) ........................................................................................ 9

*Schrader v. Gulf Oil*,
   Civil Action No. 93-6794, 1994 U.S. Dist. LEXIS 17129 (E.D. Pa. Nov. 28, 1994) .............. 7

*Thankachen v. Cardone Indus.*,
   Civil Action No. 95-181, 1995 U.S. Dist. LEXIS 14476 (E.D. Pa. Sept. 28, 1995) ................ 9

*Thompson v. Johnson & Johnson Mgmt. Info. Ctr.*,
   783 F. Supp. 893 (D.N.J. 1992) ........................................................................................... 6, 8

*Thompson v. Prudential Ins. Co.*,
   795 F. Supp. 1337 (D.N.J. 1992) ............................................................................................ 6

*Tyree v. Riley*,
   783 F. Supp. 877 (D.N.J. 1992) .............................................................................................. 6

*U.S. Fid. & Guar. Co. v. United States ex rel. Struthers Wells Co.*,
   209 U.S. 306 (1908) ................................................................................................................ 4

*Verdon v. Consol. Rail Corp.*,
   828 F. Supp. 1129 (S.D.N.Y. 1993) ....................................................................................... 8

**Other**

29 C.F.R. § 826.10 ........................................................................................................................ 3

Fed. R. Civ. P. 12 .................................................................................................................... 1, 12

Defendants Eastern Airlines, LLC, Joseph Marotta, and Steven Harfst (collectively, "Eastern") respectfully submit this memorandum in support of their Motion to Dismiss the Complaint of Plaintiff Stephanie Jones ("Plaintiff") in its entirety.  For the reasons stated herein, dismissal of the Complaint is warranted now.

## PRELIMINARY STATEMENT

Plaintiff alleges she was subject to interference and retaliation under the Families First Coronavirus Response Act ("FFCRA"), based upon actions culminating in the termination of her employment by Eastern on March 27, 2020.  Yet the FFCRA did not take effect until April 2, 2020, and, as written, it is not applied retroactively.  Eastern now moves to dismiss this case in its entirety because all allegations of purportedly "unlawful" conduct underlying Plaintiff's claim[1] occurred *before* the FFCRA's effective date.

Though technically a question of first impression concerning the FFCRA, important, instructive precedent concerning older federal employment laws are one-sided in favor of Eastern.  Indeed, Title VII of the Civil Rights Act of 1991, the Americans with Disabilities Act ("ADA"), the ADA Amendments Act of 2008 ("ADAAA"), and the Family and Medical Leave Act ("FMLA") all confirm they are only applied prospectively and cannot be violated based upon alleged acts which precede the Acts' respective effective dates.  Stated simply, Eastern cannot be liable for allegedly violating the FFCRA before it took effect.  Eastern urges this Court to apply the unanimous holdings of the U.S. Supreme Court, the Third Circuit, and this District concerning prior federal remedial legislation, and confirm the FFCRA is only prospective and lacks Congressional intent to be applied retroactively.  Under this analysis, Plaintiff's Complaint should be dismissed with prejudice.

---

[1] Though irrelevant for purposes of this motion, Eastern denies all alleged wrongdoing.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The facts pertinent to this motion (and deemed true for purposes of this motion only) are taken directly from Plaintiff's Complaint ("Compl.") (ECF No. 1):

Plaintiff was hired to work for Eastern Airlines as the Director of Revenue Management in October 2019.  (Compl. ¶ 8).  She alleges she raised issues to management and requested a leave from work prior to March 27, 2020 to care for her son whose school was closed. (*Id.* R. ¶¶ 16-21).  Plaintiff alleges she was terminated on March 27, 2020.  (*Id.* R. ¶¶ 22-24).

On April 16, 2020, Plaintiff brought a six-count Complaint in this Court alleging FFCRA interference and retaliation. (ECF No. 1).

## ARGUMENT

### PLAINTIFF'S LAWSUIT SHOULD BE DISMISSED BECAUSE ALL ALLEGATIONS OF PURPORTED WRONGDOING OCCURRED BEFORE THE EFFECTIVE DATE OF THE FFCRA

"Fed. R. Civ. P. 12(b)(6) allows a party to move for dismissal of a complaint or a portion of a complaint for failure to state a claim upon which relief can be granted. *Id.*. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the allegations contained in the complaint." *Associated Builders & Contrs. v. County of Northampton*, 376 F. Supp. 3d 476, 491 (E.D. Pa. 2019) (internal quotation marks and citation omitted).

Giving Plaintiff the benefit of every doubt, her Complaint confirms all of Eastern's alleged misconduct ended by March 27, 2020.  Because the FFCRA only became effective on April 2, 2020 and does not apply to pre-effective date conduct, Plaintiff's lawsuit should be dismissed with prejudice. [2]

---

[2] A temporary rule was entered on April 1, 2020, and later became effective on April 2, 2020.

### A. The FFCRA Took Effect On April 2, 2020, Creating New Leave Rights For Employees.

"[I]n response to the rapid proliferation of COVID-19 in the United States, on March 18, 2020, Congress enacted, and the President signed into law, the Families First Coronavirus Response Act (FFCRA)." *ESI/Employee Sols., L.P. v. City of Dall.*, CIVIL ACTION NO. 4:19-CV-570-SDJ, 2020 U.S. Dist. LEXIS 55099, at *71 n.19 (E.D. Tex. Mar. 30, 2020) (citing Families First Coronavirus Response Act, Pub. L. No. 116-127, 134 Stat. 178 (2020)).  The FFCRA became effective on April 2, 2020.  29 C.F.R. § 826.10 ("Effective Apr. 2, 2020 through Dec. 31, 2020").  Plaintiff has alleged interference and retaliation regarding her rights under the FFCRA.  The FFCRA does not state Congress intended to apply it retroactively. Indeed, the Department of Labor's guidance on the FFCRA announces it is not retroactive.  *See* https://www.dol.gov/agencies/whd/pandemic/ffcra-questions ("13. Are the paid sick leave and expanded family and medical leave requirements retroactive?  No.") (last visited June 9, 2019).

Plaintiff seeks redress under the Emergency Family and Medical Leave Expansion Act ("EFMLEA"), which creates new substantive rights for employees.  The Act amended the FMLA to make leave available for a qualifying event related to a public health emergency, such as "if the school or place of care [of an employee's child] has been closed."  134 Stat. 190.  Prior to enactment of the EFMLEA, this was not a type of protected leave under the FMLA.  As shown below, the FMLA is not applied retroactively, and nothing in the EFMLEA suggests it should be applied retroactively, given the strong presumption against retroactive application of statutes.

B. **Consistent With Prior Remedial Legislation, The Deeply Rooted Presumption Against Retroactivity Mandates Conduct Which Precedes The Effective Date Of The FFCRA's Enactment Is Not Actionable.**

Absent a statute's plain language that it is applied retroactively, the presumption against the retroactive application of statutes militates strongly in favor of dismissing this case. "The presumption against the retroactive application of new laws is an essential thread in the mantle of protection that the law affords the individual citizen. That presumption 'is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic.'" *Lynce v. Mathis*, 519 U.S. 433, 439, 117 S. Ct. 891, 895 (1997) (quoting *Landgraf v. Usi Film Prods.*, 114 S. Ct. 1483 (1994)). It is a "generally accepted axiom that '[r]etroactivity is not favored in the law. . . . [C]ongressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result.'" *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 837, 110 S. Ct. 1570, 1577 (1990) (quoting *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 208 (1988)).

Here, the FFCRA has no retroactive effect because the statute contains no "language" "requiring" it to be applied retroactively. In the absence of such language, the law is to be applied *prospectively only*. *U.S. Fid. & Guar. Co. v. United States ex rel. Struthers Wells Co.*, 209 U.S. 306, 314-15 (1908) (construing statute restricting subcontractors' rights to recover damages from prime contractors as prospective in absence of "clear, strong and imperative" language from Congress favoring retroactivity). Indeed, when substantive rights are affected under a statute, and it is silent on retroactivity, the statue applies only prospectively. *See Mathews v. Kidder, Peabody & Co.*, 161 F.3d 156, 166 n.17 (3d Cir. 1998) ("[U]nder *Landgraf* and *Hughes*, we would likely find that such an amendment affects the substantive rights of the parties and thus is presumed to apply only prospectively.")

4

Moreover, the Supreme Court, Third Circuit Court of Appeals, and this District's courts confirm allegedly unlawful conduct which ends before a federal remedial statute is enacted is *not* actionable after the Act becomes effective. Reviewing decisions regarding the lack of retroactivity of Title VII, the ADA, the subsequent amendments to the ADA, and the FMLA confirms there can be no liability for alleged misconduct which ends before the effective date of the respective laws.

### 1. Title VII is not applied retroactively.

In the seminal *Landgraf* case, the Supreme Court held the Civil Rights Act of 1991 was not "applicable to conduct that occurred . . . before the Act's effective date." *Id.* at 1489 n.17. Among other things, that Act vastly expanded the monetary relief accorded plaintiffs in Title VII cases. *Id.* at 1491. The Court held the Act was not retroactive and did not apply to pre-enactment conduct.

In reaching that conclusion, the Court observed the "presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic." *Id.* at 1497. Principles of fundamental fairness "dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted." *Id.*

In concluding the Act should apply only prospectively, the Court held the Act "can be seen as creating a new cause of action" because it conferred rights on plaintiffs previously unrecognized. *Id.* at 1506.

The Court's analysis equally applies here. The FFCRA created a new private cause of action against employers previously unrecognized in the law. Before the effective date of the law, individuals affected by COVID-19 were neither a protected class nor afforded additional

5

benefits in employment beyond those already in place.  After the effective date, the FFCRA created new benefits for employees and, like in *Landgraf*, "undoubtedly impose[s] on employers found liable a 'new disability' in respect of past events."  *Id.* at 1507.

Courts in this Circuit are clear: dismissal is warranted for "cases instituted after the enactment of [the law] based on conduct that occurred prior to its enactment."  *Tyree v. Riley*, 783 F. Supp. 877, 878 n.3 (D.N.J. 1992); *accord Bermingham v. Sony Corp. of Am.*, 820 F. Supp. 834, 849 (D.N.J. 1992) (same); *see also Matthews v. Freedman*, Civil Action No. 88-3127, 1993 U.S. Dist. LEXIS 7662 (E.D. Pa. June 8, 1993) ("[T]he Civil Rights Act of 1991 does not apply to pre-enactment conduct . . . . courts have held that in the absence of a clear expression to the contrary, a newly enacted statute is deemed to be prospective only.").  "The Third Circuit has made clear . . . 'that when application of the new law would affect rights or obligations existing prior to the change in law,' the rule of nonretroactivity applies."  *Thompson v. Johnson & Johnson Mgmt. Info. Ctr.*, 783 F. Supp. 893, 897 (D.N.J. 1992), *aff'd mem.,* 993 F.2d 226 (3d Cir. 1993) (quoting *Davis v. Omitowoju*, 883 F.2d 1155, 1170 (3d Cir. 1989)).

The *Thompson* court correctly predicted the Supreme Court's later holding in *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204 (1988), that "[a] finding that the 1991 Act does not apply retroactively more likely reflects the opinion of the current Supreme Court."  *Thompson*, 783 F. Supp. at 897; *accord Thompson v. Prudential Ins. Co.*, 795 F. Supp. 1337, 1350 (D.N.J. 1992) ("It is likely that the Supreme Court would be of the view that its later decision in [Bowen], which noted that retroactivity is disfavored, is more on the mark than its prior decision[s]."); *accord Bowen*, 488 U.S. at 208 ("[R]etroactivity is not favored in the law . . .[,] Congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result.") (emphasis added).

Given the FFCRA creates new obligations and potential liabilities on behalf of employers, and the absence of any indicia that Congress intended to apply the FFCRA retroactively, Supreme Court precedent dictates the FFCRA does not apply to pre-enactment conduct. Dismissal of Plaintiff's Complaint, therefore, is warranted.

### 2. The ADA and ADAAA also are not applied retroactively.

When Congress enacted the ADA in 1990, it changed the rights and obligations of employers and public entities dealing with disabled employees. Numerous courts confronted whether the ADA was retroactive to pre-enactment conduct, and they, too, unanimously answered "no."

This Court squarely held in *Schrader v. Gulf Oil*, CIVIL ACTION NO. 93-6794, 1994 U.S. Dist. LEXIS 17129 (E.D. Pa. Nov. 28, 1994), that the ADA was not retroactive. In *Schrader*, the Court evaluated a claim which accrued in January 1992, though the operative provision of the ADA became effective in July 1992. The Court wrote: "Courts which have analyzed the issue of ADA retroactivity have concluded that the ADA is not retroactive." *Id.* at *14 (citing *O'Bryant v. City of Midland*, 9 F.3d 421 (5th Cir. 1993)). The Court also cited the Supreme Court's *Landgraf* decision approvingly for the long tradition of declining "to give retroactive effect to statutes burdening private rights unless Congress had made clear its intent." *Id.* (quoting *Landgraf v. Usi Film Prods.*, 114 S. Ct. 1483, 1499 (1994)).

The ADA "certainly affects substantive rights," *Bishop v. Okidata, Inc.*, 864 F. Supp. 416, 420 (D.N.J. 1994), much like the FFCRA. In *Bishop*, like here, plaintiff "does not point to any congressional intent that the statute should apply retroactively, and we discern none on our own." *Id.* at 420–21. The court held (as confirmed by *Landgraf*) that "the ADA should apply prospectively only." *Id.* at 420. The court observed that virtually every court to consider the

7

question found that the ADA did not apply retroactively, and that it applied only prospectively. *Ibid.*; *accord Aramburu v. Boeing Co.*, No. 93-4064-SAC, 1993 U.S. Dist. LEXIS 18620, at *2 (D. Kan. Dec. 28, 1993); *Thompson*, 783 F. Supp. at 898; *Raya v. Maryatt Indus.*, 829 F. Supp. 1169, 1174-75 (N.D. Cal. 1993); *Verdon v. Consol. Rail Corp.*, 828 F. Supp. 1129, 1140-41 (S.D.N.Y. 1993).

Likewise, the Third Circuit more recently held the ADAAA also did not apply retroactively to pre-enactment conduct. *See Britting v. Sec'y, VA*, 409 F. App'x 566, 569 (3d Cir. 2011) ("in expanding the definition of disability, the ADAAA clearly increased the VA's liability for past conduct. As a result, we conclude that the ADAAA cannot be applied retroactively.")  The court, once again, grounded its holding in *Landgraf*.

The Third Circuit reinforced its holding in *Britting* one year later in *Lander v. ABF Freight Sys.*, 459 F. App'x 89, 92 (3d Cir. 2012):  "If we applied the statute retroactively, it would have the disfavored effect of expanding ABF's liability for past conduct." *Id.*  The court observed that *every circuit* to address the issue found the ADAAA non-retroactive. *Id*. n.2 (citing *Thornton v. United Parcel Serv., Inc.*, 587 F.3d 27, 34 n. 3 (1st Cir. 2009); *Ragusa v. Malverne Union Free Sch. Dist.*, 381 F. App'x 85, 87 n.2 (2d Cir. 2010); *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 469 n. 8 (5th Cir. 2009); *Milholland v. Sumner Cnty. Bd. of Educ.*, 569 F.3d 562, 565-67 (6th Cir. 2009); *Fredricksen v. United Parcel Serv. Co.*, 581 F.3d 516, 521 n. 1 (7th Cir. 2009); *Nyrop v. Indep. Sch. Dist. No. 11*, 616 F.3d 728, 734 n. 4 (8th Cir. 2010); *Becerril v. Pima Cnty. Assessor's Office*, 587 F.3d 1162, 1164 (9th Cir. 2009).)

Under this analysis, it is even more imperative to apply the FFCRA retroactively than the ADAAA, because the FFCRA—unlike the ADA *amendments*—creates a new cause of action that did not previously exist.  The ADA amendments were not applied retroactively though they

8

merely altered employers' liability under an existing statutory regime. Here, the FFCRA is a new statutory framework which creates new liability where none existed before its effective date. The fact that courts reviewing this issue held against applying the ADAAA retroactively militates in favor of the same result concerning the FFCRA—with even greater force.

And again, there is no Congressional directive to apply the FFCRA retroactively, meaning the deeply rooted presumption against statutory retroactivity applies. *See Hughes Aircraft Co. v. Schumer ex rel. Schumer*, 520 U.S. 939, 951 (1997) (describing the Court's "generally applicable presumption against retroactivity.")

### 3. The FMLA also is not applied retroactively.

The FMLA is not retroactive. In *Thankachen v. Cardone Indus.*, CIVIL ACTION NO. 95-181, 1995 U.S. Dist. LEXIS 14476, at *5-6 (E.D. Pa. Sept. 28, 1995), plaintiff's cause of action "occurred prior to the effective date of the FMLA." *Id.* This Court declined to find retroactivity: "Plaintiff cannot allege conduct violative of the FMLA -- here retaliatory conduct -- when the conduct which spawned the retaliation did not fall within the FMLA. Permitting such retroactive effect of the FMLA would circumvent the purpose of a delayed effective date for the FMLA." *Id.* Other courts agree. *See, e.g.,* C*aruthers v. P&G Mfg.,* 961 F. Supp. 1484, 1490 (D. Kan. 1997); *Schlett v. Avco Fin. Servs.*, 950 F. Supp. 823, 835 (N.D. Ohio 1996); *Burke v. Nalco Chem. Co.*, No. 96 C 981, 1996 U.S. Dist. LEXIS 10190 (N.D. Ill. July 17, 1996), No. 96 C 981, 1996 WL 411456, at *3 (N.D. Ill. Jul. 18, 1996).

The date the FFCRA was signed into law (March 18, 2020) is not operative for purposes of determining retroactivity. Relying on Supreme Court precedent, the court in *Bishop*, rejected the plaintiff's argument that the date the law was signed controlled. Plaintiff raised what the court termed an "innovative" argument, that because defendants' conduct took place after the

9

law was signed *but before its effective date*, her ADA claim should proceed. *Bishop*, 864 F. Supp. at 421. The district court followed the Supreme Court's rejection of the argument, namely, it is "the law *in effect* at the time the discriminatory conduct occurred that controls." *Id.* (quoting *Landgraf v. Usi Film Prods.*, 114 S. Ct. 1483, 1489 (1994)) (emphasis in Bishop). Thus, *Bishop* concluded "Congress's postponing of the effective date of the statute evidences an intent *not* to apply the new regulations until their effective date." *Id.* at 422. The analysis applies equally here, given that all alleged misconduct occurred in March 2020 but Congress postponed the effective date of the FFCRA until April 2, 2020. "A plain statement of the effective date of a regulation or a statute 'does not even arguably suggest' that it has any application to conduct that occurred at an earlier date." *Robbins v. Bureau of Nat'l Affairs*, 896 F. Supp. 18, 22 (D.D.C. 1995) (quoting *Landgraf v. Usi Film Prods.*, 114 S. Ct. 1483, 1493 (1994)) (emphasis added).

This compels the single conclusion that any events which took place before April 2, 2020 cannot form the basis of a FFCRA claim as a matter of law. Likewise, dismissal of the individually-named defendants is warranted because all claims against the corporate defendant are unsustainable. *See, e.g.,* C*haussinand v. Guttman Oil Co.,* Civil Action No. 08-1714, 2009 U.S. Dist. LEXIS 60830 (W.D. Pa. July 15, 2009).

## CONCLUSION

The presumption against retroactive application of statutes is so deeply rooted in our jurisprudence and so one-sided in favor of Eastern that dismissal of the Complaint is unavoidable. Pre-April 2, 2020 conduct is simply not actionable under the FFCRA. The unanimous holdings of courts adjudicating this same issue concerning Title VII, the ADA, the ADAAA, and the FMLA all lead to the same conclusion: the FFCRA cannot apply retroactively. Congress did not state the Act is retroactive and delayed the effective date until April 2, 2020.

This Court should adhere to the well-traveled path of these courts which have rejected retroactive application of a statute absent Congressional intent to the contrary.

For those and the foregoing reasons, Defendants respectfully request Plaintiff's Complaint be dismissed with prejudice.

                                              **FORDHARRISON LLP**

                                              *s/ Mark A. Saloman*
                                              Mark A. Saloman, Esq.
                                              300 Connell Drive, Suite 4100
                                              Berkeley Heights, NJ 07922
                                              Tel.: 973-646-7300
                                              msaloman@fordharrison.com