**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEPHANIE JONES<br>211 Tall Pines Drive<br>West Chester, PA 19380 | : CIVIL ACTION – LAW<br>:<br>:<br>: |
| Plaintiff | : No. 2:20-cv-01927-RBS |
| vs. | :<br>: |
| EASTERN AIRLINES, LLC<br>550 E. Swedesford Road, #210<br>Wayne, PA 19087<br>and<br>JOSEPH MAROTTA<br>c/o Eastern Airlines, LLC<br>550 E. Swedesford Road, #210<br>Wayne, PA 19087<br>and<br>STEVE HARFST<br>c/o Eastern Airlines, LLC<br>550 E. Swedesford Road, #210<br>Wayne, PA 19087 | : JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants | : |

## AMENDED COMPLAINT

### JURISDICTION

1. This Court has original subject matter jurisdiction of this case under 28 U.S.C. §§1331 and 1341 and 42 U.S.C. §2000e-5, inasmuch as the matters in controversy are brought pursuant to the Families First Coronavirus Response Act ("FFCRA"), Pub.L. No. 116-127, 134 Stat. 178 (2020).

2. Venue is proper in the Eastern District of Pennsylvania because at the time of the incidents in question, Plaintiff lived in Chester County, Plaintiff worked in Chester County, and Eastern Airlines, LLC had its principal place of business in Chester County.

1

## **FACTUAL ALLEGATIONS**

3. Plaintiff Stephanie Jones ("Plaintiff") is an adult Chester County resident living at 211 Paul Pines Drive, West Chester, PA 19380.

4. Defendant Eastern Airlines, LLC (hereinafter "Defendant Eastern Airlines") is a corporation with a business address of 550 E. Swedesford Road, #210, Wayne, PA 19087.

5. Defendant Joseph Marotta (hereinafter "Defendant Marotta") at all times relevant hereto was Defendant Eastern Airlines, LLC's Human Resource Consultant with a business address of 550 E. Swedesford Road, #210, Wayne, PA 19087.

6. Defendant Steve Harfst (hereinafter "Defendant Harfst") at all times relevant hereto was Defendant Eastern Airlines, LLC's Chief Executive Officer with a business address of 550 E. Swedesford Road, #210, Wayne, PA 19087.

7. At all relevant times, Defendant Eastern Airlines is a company with less than 500 employees subject to the recently-enacted Families First Coronavirus Response Act (FFCRA), which in turn is comprised of the Emergency Paid Sick Leave Act (EPSLA) and the Emergency Family and Medical Leave Expansion Act (EFMLEA). Defendant is also subject to the Family and Medical Leave Act (FMLA) and the Fair Labor Standards Act (FLSA).

8. The EPSLA and EFMLEA were two new emergency paid leave requirements passed by Congress and signed by the President under the circumstances of the unprecedented public health emergency of the COVID-19 global pandemic. At the time the law was passed, numerous state governments, including Pennsylvania's, had issued shut down orders requiring schools and workplaces to be closed and residents to remain at home except for essential life-sustaining activity.

9. Defendant Eastern Airlines received a U.S. government bailout of at least $9,259,648 under the CARES Act, which was intended for payroll support due to the COVID-19 crisis.

10. On October 1, 2019, Plaintiff was hired to work for Defendant Eastern Airlines as the Director of Revenue Management earning $125,000 a year plus benefits.

11. Plaintiff is a single mother with an 11-year-old son.

12. Plaintiff's son could not go to school because it was closed due to the coronavirus.

13. Plaintiff requested a discussion of her options because of the childcare issues brought about from the school closure.

14. The FFCRA was enacted on March 18, 2020, as an amendment to the FMLA and the FLSA. The FFCRA provided employees with additional rights to paid and unpaid leave, and to be paid unpaid wages in lieu of paid leave, in addition to the rights already provided in FMLA and FLSA. In March 2020, Plaintiff was entitled to be free from retaliation under FMLA and FLSA for expressing her intention to avail herself in the future of her rights under FMLA and FLSA, as amended by FFCRA.

15. On March 20, 2020, the United States Department of Labor (DOL) issued a press release concerning the newly-passed FFCRA. In that press release, the DOL informed employers that "small and midsize employers can begin taking advantage of two new refundable payroll tax credits, designed to immediately and fully reimburse them, dollar-for-dollar, for the cost of providing Coronavirus-related leave to their employees. This relief to employees and small and midsize businesses is provided under the Families First Coronavirus Response Act (Act), signed by President Trump on March 18, 2020." Not only did the DOL not mention that the FFCRA would not take effect until April 1, the DOL told the public they could begin taking advantage of the program "immediately."

3

16. Both the FMLA and the FFCRA require that an employee who anticipates a need for leave give her employer as much notice as is practicable in advance of the leave. 29 U.S.C. §2612(e) (at least thirty days, or as soon as is practicable); 29 U.S.C. §2620(c). Further, regulations require employees to provide notice of leave pursuant to the employer's usual notice practices of the need for leave absent unusual circumstances. 29 C.F.R. §826.90(d). Moreover, regulations provide the employee must provide the employer with documentation in support of paid sick leave or expanded family and medical leave, including a signed statement containing the following: (1) The employee's name; (2) the date(s) for which the leave is requested; (3) the COVID-19 qualifying reason for leave; and (4) a statement that the employee is unable for work or telework because of the COVID-19 qualifying reason. 29 C.F.R. §826.100. As of March 25, 2020, the DOL had available a model notice for employers to post in each applicable workplace covered by the FFCRA pertaining to employee rights (WHD1422 REV 03/20) and for notice to be sent to the employees by e-mail or direct mail. As of March 18, 2020, Plaintiff was pre-eligible. The emergency leave contemplated by the EPSLA and EFMLEA law anticipates employees would be seeking to learn more about their rights, giving notice, and applying for emergency leave to the employer immediately after the passage of the FFCRA given the exigent circumstances of how the COVID-19 crisis had impacted the United States, and indeed, the whole world and that activity would be protected from interference, discrimination, and retaliation.

17. Before March 20, 2020, Plaintiff had oral discussions and web chat discussions on "TEAMS," a web interaction program, with supervisor Josh Bustos, concerning her childcare issues and options.

18. On Friday, March 20, 2020, Plaintiff had a discussion with Mr. Bustos before noon and with Ken Johnson, the Vice President of Commercial, after 5 p.m., about the heavy level of work

4

she was doing and her childcare responsibilities. Plaintiff asked for a limited period (2 hours a day) of flex time to handle her childcare issues and the continued ability to work at home. This inquiry remained unanswered at that time.

19. On Friday, March 20, 2020, Plaintiff also raised her childcare issues with the Manager of Compliance Programs in Human Resource, Kim Kelleher, via e-mail about 5:50 p.m., and asked for her options in light of her son's situation, one of which Plaintiff raised was unemployment.

20. Ms. Kelleher forwarded Plaintiff's email to Defendant Marotta who was acting as Defendant's chief Human Resource official even though he appears to technically be a consultant. He responded to the e-mail after it had been forwarded, but only did so several days later as described below.

21. On Sunday, March 22, 2020, Plaintiff sent an e-mail to Mr. Bustos and Mr. Johnson indicating she had not heard back from them regarding her need for continued flexibility to work at home.

22. On Monday, March 23, 2020, Plaintiff had a tele-meeting via phone with Defendant Marotta.

23. Plaintiff raised her potential leave eligibility under the FFCRA with him.

24. Plaintiff and Defendant Eastern Airlines at all relevant times met the criteria for Plaintiff to take FFCRA leave on the effective date of the FFCRA.

25. Defendant Marotta told Plaintiff over the telephone that she was eligible for leave, stating that her options were to either resign or take a leave.

26. On or about Tuesday, March 24, 2020, Plaintiff formally requested that Defendant Eastern Airlines provide her with leave to care for her son. Plaintiff specifically referred to family and medical leave and the FFCRA.

27.  A request for leave to care for a family member is protected activity under the FMLA and the FFCRA.  An inquiry about an employee's rights under FFCRA is protected activity under the Fair Labor Standards Act, as the FFCRA amended the FLSA and expanded employee leave and pay rights under the FLSA.

28.  Plaintiff requested FMLA/FFCRA leave in the following email directed to Defendant Marotta, who worked in a Human Resource consultant role for Defendant Eastern Airlines, with a copy of the email being sent to Defendant Eastern Airline's Chief Executive Officer Steve Harfst:

> **From:** Stephanie Jones <sjones@goeasternair.com>
>
> **Sent:** Tuesday, March 24, 2020 12:07 PM
>
> **To:** Joe Marotta <jmarotta@goeasternair.com>
>
> **Cc:** Steve Harfst <sharfst@goeasternair.com>
>
> **Subject:** Leave
>
> Hello Joe,
>
> Thank you calling me yesterday to discuss my concerns.  I agree that these are unprecedented times and we are all trying to navigate through this pandemic the best we can.  Just to recap our conversation:   Ken and Josh expected for me to come into the office on Monday even though schools and childcare are unavailable.  In an email, I respectfully asked for the flexibility to continue to do my job from home and also help my son stay on task with his school work.  As of today, I have not heard a response from Ken or Josh regarding my request.  I have asked a fellow employee in a similar situation how they are managing and they said that their leader has been understanding and flexible in this situation.  If we are working at the same company, I am not sure why I am excluded from the same.
>
> You did ask me under normal circumstances would I be able to balance work and home.  To reiterate, under normal circumstances my son would be at school being taught and provided for by the school system Monday-Friday.  I would be at work doing the day to day duties expected of me.  Because these are not normal circumstances, the challenge is being expected to work normal hours, nights, weekends and balancing home.  I asked for flexibility and

6

unfortunately it seems like I am not eligible for that option. My work ethic has been impeccable. I have worked long hours/weekends to help set the ground work and foundation of where commercial service is today. I enjoy my job and am proud to be part of the Eastern story. In our phone conversation, you said that Eastern has to put the operations first above all and I completely understand. You said you cannot make Ken or Josh be flexible. You said my options are to resign or take leave. I have to put my family first and I am respectfully asking you to proceed with the process *of the* expanded family and medical leave under the Families First Coronavirus Response Act. Please let me know what information you need from me in order to file the necessary paperwork.

Respectfully,

Stephanie

29. Defendant Marotta responded in a fashion that showed open hostility to Plaintiff's request for leave:

Hello Stephanie,

The way we left it yesterday after spending a great deal of time hearing your concerns yesterday was I specifically advised that I would get back to you shortly. You apparently have chosen not wait even 24 hours for a response even though you are currently working from home. As I advised yesterday, People Services will work with you, but by sending emails such as below, you make it harder and more difficult for yourself, and for us. You will get a response shortly. I did in fact speak with Ken Johnson yesterday following our phone call. I am also well aware of the various new laws that you've had time to look up while at home. As I mentioned yesterday the new laws are there as a safety net for employees not as a hammer to force management into making decisions which may not be in the best interest of the company or yourself.

I will reach back out as I committed shortly and when I have something to communicate.

30. No one from Defendant Eastern Airlines got back to Plaintiff on Wednesday, March 25, 2020 or Thursday, March 26, 2020.

31. Defendant Eastern Airlines did not fill out the FFCRA paperwork for Plaintiff or seek

7

the mandated information required by federal regulation from the Plaintiff so the FFCRA documentation could be processed internally.

32. At no time did Defendants provide Plaintiff with any notices of her rights under FMLA or any other statute. Defendants never informed Plaintiff that she was not eligible for leave, or that she was eligible for leave in the future but not at present, or why.

33. Plaintiff was terminated on March 27, 2020.

34. Defendant Marotta terminated Plaintiff in a phone call.

35. Defendant Marotta claimed that these were unprecedented times, that it was in the best interests of the parties to part ways, and alluded to "conflict" between Plaintiff and others at the company.

36. Plaintiff vociferously denied any conflict and indicated there was no documentation to back Defendant Marotta's claim.

37. Defendant Marotta said he was not going to get into specifics, but Ken Johnson said there was conflict and Defendant Harfst said there was conflict.

38. Several employees of Defendant Eastern Airlines called Plaintiff requesting information on how to do certain aspects of her duties between the time she requested FMLA/FFCRA leave on March 24, 2020 and the time she was terminated on March 27, 2020.

39. At no time did management respond to Plaintiff's leave request.

40. Defendant Eastern Airlines was not eligible for an exemption under the FFCRA, having 50 or more employees and, indeed, did not seek or obtain an exemption.

41. Defendant Eastern Airlines and/or its managers, agents, representatives, or employees terminated Plaintiff in order to avoid having to accommodate Plaintiff with rightful FFCRA leave once the employee became eligible for leave or to otherwise punish her for requesting such leave

8

and thereby chilling the exercise of protected activity among employees.

42. Plaintiff was the only Black Director at Eastern Airlines, and one of very few Black women in management.

43. Throughout Plaintiff's employment with Defendant Eastern Airlines, Defendants and their agents and employees treated Plaintiff differently than similarly-situated non-Black employees. For example, Defendants allowed similarly-situated non-Black employees and third party vendors to attend the inaugural flight to Ecuador in mid-January 2020, but did not allow Plaintiff to attend even though it was typical that people in her job, Director of Network Planning, would go in the airline industry.

44. Defendants permitted non-Black employees to delegate tasks to Plaintiff that were menial or unpleasant, which were not within Plaintiff's normal job duties.

45. During the COVID-19 emergency, Plaintiff and many other employees performed all of their duties from home by telecommuting. At one point, Defendants informed Plaintiff that they wanted her to come in to the office to work instead of tele-commuting. Defendants were aware that Plaintiff preferred to work from home because she had a young child whose school was closed, as well as an elderly mother with asthma who was sick with symptoms including a severe cough. Similarly-situated non-Black, non-African-American employees were allowed to work remotely. Plaintiff's position could be performed, and had been performed for a week by Plaintiff, remotely. Management would not tell Plaintiff why she could not work remotely but non-Black employees were allowed to do so.

46. Defendants displayed negative attitudes toward Black people. For example, on and around Martin Luther King Day, Defendant Harfst said about a customer whose people had off, "These people will take off for anything."

47. Plaintiff believes and avers that Defendants' differential treatment of her, and the termination of her employment, was because of her race and color, Black.

48. Plaintiff was replaced by a non-Black man shortly after her termination.

49. Defendant Eastern Airlines has caused Plaintiff to lose wages because of its conduct.

50. Plaintiff is entitled under the FMLA/FLSA/FFCRA to liquidated damages (including interest) unless the employer (Defendant Eastern Airlines) proves its actions were in good faith compliance with the FMLA/FLSA/FFCRA and that it had objectively reasonable grounds to think its conduct did not violate the FMLA/FLSA/FFCRA.

51. Defendant Eastern Airlines, by and through its CEO, managers, HR officials, and HR consultants, many of the foregoing holding positions of authority, violated Plaintiff's rights under the FMLA/FLSA/FFCRA willfully qualifying her for liquidated damages.

52. Plaintiff is entitled to equitable relief, including reinstatement to her former position or one she would have held except for the actions of Defendant(s).

53. Plaintiff's counsel has incurred attorney's fees and costs which are recoverable under the FMLA/FLSA/FFCRA.

54. Defendant Eastern Airlines' management and Human Resource officials/consultants perpetrated, aided or abetted illegal conduct under the FMLA/FLSA/FFCRA by Defendant Eastern Airlines by the aforesaid conduct. Defendants conduct was wanton, willful, intentional, or in reckless disregard of the illegality of their conduct and otherwise meeting the mental state appropriate for punitive damages.

55. Plaintiff sustained damages as a result of Defendant Eastern Airlines' conduct, including lost compensation and benefits (including medical benefits, 401K and life insurance contributions, and other benefits) and actual monetary losses, liquidated damages, attorney's fees,

costs and witness fees, and is entitled to equitable relief, including reinstatement, and an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009).

56. There is a causal link between the adverse actions and the employment actions herein.

## COUNT I

### FAMILY AND MEDICAL LEAVE ACT/FAIR LABOR STANDARDS ACT/FAMILIES FIRST CORONAVIRUS RESPONSE ACT

### STEPHANIE JONES v. EASTERN AIRLINES, LLC

#### FMLA/FLSA/FFCRA INTERFERENCE

57. Plaintiff incorporates paragraphs 1 through 56 herein by reference.

58. Defendant Eastern Airlines is a company with less than 500 employees and is thus subject to the FMLA, FLSA and the FFCRA.

59. Plaintiff was eligible for sick leave and paid and unpaid leave under the FMLA and FFCRA. Plaintiff was eligible for FLSA damages in the event that Defendants unlawfully denied her leave to which she was entitled.

60. Plaintiff gave notice of her need for leave and requested leave because she perceived she was unable to work because of a bona fide need to care for her child (under 18 years of age) whose school or childcare provider was closed or unavailable for reasons related to COVID-19. Plaintiff did not specify on what date she wished her leave to begin, she merely notified Defendants of her desire to avail herself of her rights under FMLA and FFCRA and formally requested the pertinent FFCRA documents to fill out to take the leave.

61. By referring expressly to the FFCRA, which amends the FMLA to provide additional remedies to employees who are denied leave unlawfully, Plaintiff was expressing her intention to invoke her rights under the FMLA.

62. By referring expressly to the FFCRA, which amends the FLSA to provide additional remedies to employees who are denied leave unlawfully, Plaintiff was expressing her intention to invoke her rights under the FLSA.

63. By referring to the FMLA, Plaintiff was expressing her intention to also invoke her rights under the FMLA.

64. Plaintiff was terminated as a result of her protected activity under all the foregoing laws and their implementing regulations.

65. Defendant Eastern Airlines unlawfully interfered with, restrained, or denied the exercise of (or attempt to exercise) any rights provided by the FMLA, the FLSA, and the FFCRA, and/or otherwise discharged or discriminated against Plaintiff because of conduct protected by the FMLA, the FLSA and the FFCRA.

66. Defendant Eastern Airlines violated the foregoing Acts and their implementing regulations which constituted interfering with, restraining, or denying the exercise of rights under the Acts.

67. Defendant Eastern Airlines "interfered" with Plaintiff by discriminating or retaliating against Plaintiff for exercising or attempting to exercise her rights under the Acts.

68. Defendant Eastern Airlines unlawfully retaliated and otherwise discriminated against Plaintiff because of conduct protected by the FMLA, the FLSA and the FFCRA.

69. Defendant Eastern Airlines' conduct was not in good faith and Defendant Eastern Airlines did not have reasonable grounds for believing it did not violate the FMLA/FLSA/FFCRA.

70. Defendant Eastern Airlines' conduct was willful and Defendant Eastern Airlines intended to deprive Plaintiff of rights under the FMLA/FLSA/FFCRA.

71. Defendant Eastern Airlines willfully interfered with and punished Plaintiff for exercising her FMLA/FLSA/FFCRA rights.

72. Defendant Eastern Airlines illegally terminated Plaintiff in violation of the FMLA, the FLSA and the FFCRA.

73. There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

74. Plaintiff sustained damages as a result of Defendant Eastern Airlines' conduct.

75. Defendant Eastern Airlines is liable for liquidated damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) an amount of liquidated damages unless Defendant Eastern Airlines' violation was in good faith and Defendant Eastern Airlines had reasonable grounds for believing it did not violate the Act; (3) equitable relief such as employment, reinstatement or promotion or payment of health care expenses; (4) a reasonable attorney's fee; (5) Plaintiff's expert witness fee, if any; (6) reinstatement to her former position (with all back benefits she would have been entitled to); (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT II

### FAMILY AND MEDICAL LEAVE ACT, FAIR LABOR STANDARDS ACT AND FAMILIES FIRST CORONAVIRUS RESPONSE ACT

### STEPHANIE JONES v. JOSEPH A. MAROTTA

### FMLA/FLSA/FFCRA INTERFERENCE

76. Plaintiff incorporates paragraphs 1 through 75 herein by reference.

77. At all times, Defendant Marotta was acting in an agency and representative capacity with Defendant Eastern Airlines.

78. Plaintiff was eligible for sick leave and paid and unpaid leave under the FMLA and the FFCRA. Plaintiff was eligible for FLSA damages in the event that Defendants unlawfully denied her leave to which she was entitled.

79. Plaintiff requested leave because she perceived she was unable to work because of a bona fide need to care for her child (under 18 years of age) whose school or childcare provider was closed or unavailable for reasons related to COVID-19.

80. Plaintiff was terminated as a result of her protected activity.

81. Defendant Marotta knew that Plaintiff requested FMLA/FFCRA leave.

82. Defendant Marotta was angered by Plaintiff's request for FMLA/FFCRA leave.

83. Plaintiff was terminated as a result of her protected activity under all the foregoing laws and their implementing regulations.

84. Defendant Marotta unlawfully interfered with and otherwise discriminated against Plaintiff because of conduct protected by the FMLA, the FLSA and the FFCRA.

85. Defendant Marotta unlawfully interfered with, restrained, or denied the exercise of (or attempt to exercise) any rights provided by the FMLA, the FLSA, and the FFCRA, and/or otherwise discharged or discriminated against Plaintiff because of conduct protected by the FMLA, the FLSA and the FFCRA.

86. Defendant Marotta violated the foregoing Acts and their implementing regulations which constituted interfering with, restraining, or denying the exercise of rights under the Acts.

87. Defendant Marotta "interfered" with Plaintiff by discriminating or retaliating against Plaintiff for exercising or attempting to exercise her rights under the Acts.

88. Defendant Marotta's conduct was not in good faith and Defendant Marotta did not have reasonable grounds for believing he did not violate the FMLA/FLSA/FFCRA.

89. Defendant Marotta's conduct was willful and Defendant Marotta intended to deprive Plaintiff of rights under the FMLA/FLSA/FFCRA.

90. Defendant Marotta willfully interfered with and punished Plaintiff for exercising her FMLA/FLSA/FFCRA rights.

91. There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

92. Plaintiff sustained damages as a result of Defendant Marotta's conduct.

93. Defendant is liable for liquidated damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) an amount of liquidated damages unless Defendant Marotta's violation was in good faith and Defendant Marotta had reasonable grounds for believing he did not violate the Act; (3) equitable relief such as employment, reinstatement or promotion or payment of health care expenses; (4) a reasonable attorney's fee; (5) Plaintiff's expert witness fee, if any; (6) reinstatement to her former position (with all back benefits she would have been entitled to); (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT III

## FAMILY AND MEDICAL LEAVE ACT/
## FAMILIES FIRST CORONAVIRUS RESPONSE ACT

## STEPHANIE JONES v. STEVE HARFST

## FMLA/FLSA/FFCRA VIOLATIONS

94. Plaintiff incorporates paragraphs 1 through 93 herein by reference.

95. At all times, Defendant Harfst was acting in an agency and representative capacity with Defendant Eastern Airlines.

96. Plaintiff was eligible for sick leave and paid and unpaid leave under the FMLA and the FFCRA.

97. Plaintiff requested leave because she perceived she was unable to work because of a bona fide need to care for her child (under 18 years of age) whose school or childcare provider was closed or unavailable for reasons related to COVID-19.

98. Plaintiff was terminated as a result of her protected activity.

99. Defendant Harfst knew that Plaintiff requested FMLA/FFCRA leave.

100. Defendant Harfst was involved in the decision to terminate Plaintiff.

101. Plaintiff was terminated as a result of her protected activity under all the foregoing laws and their implementing regulations.

102. Defendant Harfst unlawfully interfered with and otherwise discriminated against Plaintiff because of conduct protected by the FMLA, the FLSA and the FFCRA.

103. Defendant Harfst unlawfully interfered with, restrained, or denied the exercise of (or attempt to exercise) any rights provided by the FMLA, the FLSA, and the FFCRA, and/or otherwise discharged or discriminated against Plaintiff because of conduct protected by the FMLA, the FLSA and the FFCRA.

104. Defendant Harfst violated the foregoing Acts and their implementing regulations which constitute interfering with, restraining, or denying the exercise of rights under the Acts.

105. Defendant Harfst "interfered" with Plaintiff by discriminating or retaliating against Plaintiff for exercising or attempting to exercise her rights under the Acts.

106. Defendant Harfst's conduct was not in good faith and Defendant Harfst did not have reasonable grounds for believing he did not violate the FMLA/FLSA/FFCRA.

107. Defendant Harfst's conduct was willful and Defendant Harfst intended to deprive Plaintiff of rights under the FMLA/FLSA/FFCRA.

108. Defendant Harfst willfully interfered with and punished Plaintiff for exercising her FMLA/FLSA/FFCRA rights.

109. There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

110. Plaintiff sustained damages as a result of Defendant Harfst's conduct.

111. Defendant Harfst is liable for liquidated damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) an amount of liquidated damages unless Defendant Harfst's violation was in good faith and Defendant Harfst had reasonable grounds for believing he did not violate the Act; (3) equitable relief such as employment, reinstatement or promotion or payment of health care expenses; (4) a reasonable attorney's fee; (5) Plaintiff's expert witness fee, if any; (6) reinstatement to her former position (with all back benefits she would have been entitled to); (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

**FAMILY AND MEDICAL LEAVE ACT/
FAMILIES FIRST CORONAVIRUS RESPONSE ACT**

**STEPHANIE JONES v. EASTERN AIRLINES, LLC**

**FMLA/FLSA/FFCRA RETALIATION**

112. Plaintiff incorporates paragraphs 1 through 111 herein by reference.

113. Defendant Eastern Airlines is a company with less than 500 employees and is thus subject to the FFCRA.

114. Plaintiff was eligible for sick leave and paid and unpaid leave under the FMLA and the FFCRA.

115. Plaintiff requested leave because she perceived she was unable to work because of a bona fide need to care for her child (under 18 years of age) whose school or childcare provider was closed or unavailable for reasons related to COVID-19.

116. Plaintiff was terminated as a result of her protected activity.

117. Defendant Eastern Airlines unlawfully retaliated and otherwise discriminated against Plaintiff because of conduct protected by the FMLA/FLSA/FFCRA.

118. Defendant Eastern Airlines' conduct was not in good faith and Defendant Eastern Airlines did not have reasonable grounds for believing it did not violate the FMLA/FLSA/FFCRA.

119. Defendant Eastern Airlines' conduct was willful and Defendant Eastern Airlines intended to deprive Plaintiff of rights under the FMLA/FFCRA.

120. Defendant Eastern Airlines willfully interfered with and punished Plaintiff for exercising her FMLA/FLSA/FFCRA rights.

121. Defendant Eastern Airlines illegally terminated Plaintiff in violation of the FMLA/FLSA/FFCRA.

122. There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

123. Plaintiff sustained damages as a result of Defendant Eastern Airlines' conduct.

124. Defendant Eastern Airlines is liable for liquidated damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) an amount of liquidated damages unless Defendant Eastern Airlines' violation was in good faith and Defendant Eastern Airlines had reasonable grounds for believing it did not violate the Act; (3) equitable relief such as employment, reinstatement or promotion or payment of health care expenses; (4) a reasonable attorney's fee; (5) Plaintiff's expert witness fee, if any; (6) reinstatement to her former position (with all back benefits she would have been entitled to); (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

**COUNT V**

**FAMILY AND MEDICAL LEAVE ACT/
FAMILIES FIRST CORONAVIRUS RESPONSE ACT**

**STEPHANIE JONES v. JOSEPH A. MAROTTA**

**RETALIATION**

125. Plaintiff incorporates paragraphs 1 through 124 herein by reference.

126. At all times, Defendant Marotta was acting in an agency and representative capacity with Defendant Eastern Airlines.

127. Plaintiff was eligible for sick leave and paid leave under the FMLA and FFCRA.

128. Plaintiff requested leave because she perceived she was unable to work because of a bona fide need to care for her child (under 18 years of age) whose school or childcare provider was closed or unavailable for reasons related to COVID-19.

129. Plaintiff was terminated as a result of her protected activity.

130. Defendant Marotta knew that Plaintiff requested FMLA/FFCRA leave.

131. Defendant Marotta was angered by Plaintiff's request for FMLA/FFCRA leave.

132. Defendant Marotta terminated and unlawfully retaliated and otherwise discriminated against Plaintiff because of conduct protected by the FMLA/FLSA/FFCRA.

133. Defendant Marotta's conduct was not in good faith and Defendant Marotta did not have reasonable grounds for believing he did not violate the FMLA/FLSA/FFCRA.

134. Defendant Marotta's conduct was willful and Defendant Marotta intended to deprive Plaintiff of rights under the FMLA/FLSA/FFCRA.

135. There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

136. Plaintiff sustained damages as a result of Defendant Marotta's conduct.

137. Defendant Marotta is liable for liquidated damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) an amount of liquidated damages unless Defendant Marotta's violation was in good faith and Defendant Marotta had reasonable grounds for believing he did not violate the Act; (3) equitable relief such as employment, reinstatement or promotion or payment of health care expenses; (4) a reasonable attorney's fee; (5) Plaintiff's expert witness fee, if any; (6) reinstatement to her former position (with all back benefits she would have been entitled to); (7) other costs of

the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT VI

### FAMILY AND MEDICAL LEAVE ACT/
### FAMILIES FIRST CORONAVIRUS RESPONSE ACT

### STEPHANIE JONES v. STEVE HARFST

### RETALIATION

138. Plaintiff incorporates paragraphs 1 through 137 herein by reference.

139. At all times, Defendant Harfst was acting in an agency and representative capacity with Defendant Eastern Airlines.

140. Plaintiff was eligible for sick leave and paid leave under the FMLA/FFCRA.

141. Plaintiff requested leave because she perceived she was unable to work because of a bona fide need to care for her child (under 18 years of age) whose school or childcare provider was closed or unavailable for reasons related to COVID-19.

142. Plaintiff was terminated as a result of her protected activity.

143. Defendant Harfst knew that Plaintiff requested FMLA/FFCRA leave.

144. Defendant Harfst was involved in the decision to terminate Plaintiff.

145. Defendant Harfst terminated and unlawfully retaliated and otherwise discriminated against Plaintiff because of conduct protected by the FMLA/FLSA/FFCRA.

146. Defendant Harfst's conduct was not in good faith and Defendant Harfst did not have reasonable grounds for believing he did not violate the FMLA/FLSA/FFCRA.

147. Defendant Harfst's conduct was willful and Defendant Harfst intended to deprive Plaintiff of rights under the FMLA/FLSA/FFCRA.

148. There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

149. Plaintiff sustained damages as a result of Defendant Harfst's conduct.

150. Defendant Harfst is liable for liquidated damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) an amount of liquidated damages unless Defendant Harfst's violation was in good faith and Defendant Harfst had reasonable grounds for believing he did not violate the Act; (3) equitable relief such as employment, reinstatement or promotion or payment of health care expenses; (4) a reasonable attorney's fee; (5) Plaintiff's expert witness fee, if any; (6) reinstatement to her former position (with all back benefits she would have been entitled to); (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

**COUNT VII**

**42 U.S.C. §1981 RACE DISCRIMINATION**

**STEPHANIE JONES v. ALL DEFENDANTS**

151. Plaintiff incorporates paragraphs 1 through 150 herein by reference.

152. Defendants have discriminated against Plaintiff because of her race, depriving her of the enjoyment of all of the benefits, privileges, terms and conditions of her contractual relationship with Defendant Eastern Airlines, and causing the termination of that contractual relationship.

153. Plaintiff is entitled to compensatory and punitive damages, as well as back pay, front pay, attorney's fees, costs and interest.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) compensatory damages, including pain, suffering and humiliation; (3) punitive damages; (4) equitable relief such as employment, reinstatement or promotion or payment of health care expenses; (5) a reasonable attorney's fee; (6) Plaintiff's expert witness fee, if any; (7) reinstatement to her former position (with all back benefits she would have been entitled to); (8) other costs of the action; (9) interest; and (10) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

Respectfully submitted,

Date: 7/2/2020

By: s/Edward C. Sweeney
Edward C. Sweeney, Esquire
Attorney for Plaintiff
I.D. No. 64565
Wusinich & Sweeney, LLC
211 Welsh Pool Road, Suite 236
Exton, PA 19341
(610) 594-1600
Validation of signature code: ECS1942

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEPHANIE JONES | : CIVIL ACTION – LAW |
| | : |
| Plaintiff | : No. 2:20-cv-01927-RBS |
| vs. | : |
| | : |
| EASTERN AIRLINES, LLC | : JURY TRIAL DEMANDED |
| and | : |
| JOSEPH MAROTTA | : |
| and | : |
| STEVE HARFST | : |
| | : |
| Defendants | : |

## CERTIFICATE OF SERVICE

I, Edward C. Sweeney, Esquire, certify that I filed the Amended Complaint in the above-captioned matter electronically with the Clerk of the United States District Court for the Eastern District of Pennsylvania on 7/2/2020, and I sent a true and correct copy of the Amended Complaint via first class mail, postage prepaid on 7/2/2020 to

Mark A. Saloman, Esquire
FordHarrison LLP
300 Connell Drive, Suite 4100
Berkeley Heights, NJ 07922

Date: 7/2/2020

s/Edward C. Sweeney
_____
Edward C. Sweeney, Esquire
Attorney for Plaintiff