# EXHIBIT 1



PUBLIC LAW 116–127—MAR. 18, 2020

# FAMILIES FIRST CORONAVIRUS RESPONSE ACT

Public Law 116–127
116th Congress

## An Act

Mar. 18, 2020
[H.R. 6201]

Making emergency supplemental appropriations for the fiscal year ending September 30, 2020, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

Families First Coronavirus Response Act. 29 USC 2601 note.

**SECTION 1. SHORT TITLE.**

This Act may be cited as the "Families First Coronavirus Response Act".

**SEC. 2. TABLE OF CONTENTS.**

The table of contents is as follows:

DIVISION A—SECOND CORONAVIRUS PREPAREDNESS AND RESPONSE SUPPLEMENTAL APPROPRIATIONS ACT, 2020

DIVISION B—NUTRITION WAIVERS

DIVISION C—EMERGENCY FAMILY AND MEDICAL LEAVE EXPANSION ACT

DIVISION D—EMERGENCY UNEMPLOYMENT INSURANCE STABILIZATION AND ACCESS ACT OF 2020

DIVISION E—EMERGENCY PAID SICK LEAVE ACT

DIVISION F—HEALTH PROVISIONS

DIVISION G—TAX CREDITS FOR PAID SICK AND PAID FAMILY AND MEDICAL LEAVE

DIVISION H—BUDGETARY EFFECTS

1 USC 1 note.

**SEC. 3. REFERENCES.**

Except as expressly provided otherwise, any reference to "this Act" contained in any division of this Act shall be treated as referring only to the provisions of that division.

Second Coronavirus Preparedness and Response Supplemental Appropriations Act, 2020.

## DIVISION A—SECOND CORONAVIRUS PREPAREDNESS AND RESPONSE SUPPLEMENTAL APPROPRIATIONS ACT, 2020

The following sums are hereby appropriated, out of any money in the Treasury not otherwise appropriated, for the fiscal year ending September 30, 2020, and for other purposes, namely:

the food security needs of affected populations during the emergency, any information or data supporting State agency requests, any additional measures that States requested that were not approved, and recommendations for changes to the Secretary's authority under the Food and Nutrition Act of 2008 to assist the Secretary and States and localities in preparations for any future health emergencies.

# DIVISION C—EMERGENCY FAMILY AND MEDICAL LEAVE EXPANSION ACT

Emergency Family and Medical Leave Expansion Act.

### SEC. 3101. SHORT TITLE.

29 USC 2601 note.

This Act may be cited as "Emergency Family and Medical Leave Expansion Act".

### SEC. 3102. AMENDMENTS TO THE FAMILY AND MEDICAL LEAVE ACT OF 1993.

(a) PUBLIC HEALTH EMERGENCY LEAVE.—

(1) IN GENERAL.—Section 102(a)(1) of the Family and Medical Leave Act of 1993 (29 U.S.C. 2612(a)(1)) is amended by adding at the end the following:

"(F) During the period beginning on the date the Emergency Family and Medical Leave Expansion Act takes effect, and ending on December 31, 2020, because of a qualifying need related to a public health emergency in accordance with section 110.".

Time period.

(2) PAID LEAVE REQUIREMENT.—Section 102(c) of the Family and Medical Leave Act of 1993 (29 U.S.C. 2612(c)) is amended by striking "under subsection (a)" and inserting "under subsection (a) (other than certain periods of leave under subsection (a)(1)(F))".

(b) REQUIREMENTS.—Title I of the Family and Medical Leave Act of 1993 (29 U.S.C. 2611 et seq.) is amended by adding at the end the following:

### "SEC. 110. PUBLIC HEALTH EMERGENCY LEAVE.

29 USC 2620.

"(a) DEFINITIONS.—The following shall apply with respect to leave under section 102(a)(1)(F):

Applicability.

"(1) APPLICATION OF CERTAIN TERMS.—The definitions in section 101 shall apply, except as follows:

"(A) ELIGIBLE EMPLOYEE.—In lieu of the definition in sections 101(2)(A) and 101(2)(B)(ii), the term 'eligible employee' means an employee who has been employed for at least 30 calendar days by the employer with respect to whom leave is requested under section 102(a)(1)(F).

"(B) EMPLOYER THRESHOLD.—Section 101(4)(A)(i) shall be applied by substituting 'fewer than 500 employees' for '50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year'.

"(2) ADDITIONAL DEFINITIONS.—In addition to the definitions described in paragraph (1), the following definitions shall apply with respect to leave under section 102(a)(1)(F):

"(A) QUALIFYING NEED RELATED TO A PUBLIC HEALTH EMERGENCY.—The term 'qualifying need related to a public health emergency', with respect to leave, means the

employee is unable to work (or telework) due to a need for leave to care for the son or daughter under 18 years of age of such employee if the school or place of care has been closed, or the child care provider of such son or daughter is unavailable, due to a public health emergency.

"(B) PUBLIC HEALTH EMERGENCY.—The term 'public health emergency' means an emergency with respect to COVID–19 declared by a Federal, State, or local authority.

"(C) CHILD CARE PROVIDER.—The term 'child care provider' means a provider who receives compensation for providing child care services on a regular basis, including an 'eligible child care provider' (as defined in section 658P of the Child Care and Development Block Grant Act of 1990 (42 U.S.C. 9858n)).

"(D) SCHOOL.—The term 'school' means an 'elementary school' or 'secondary school' as such terms are defined in section 8101 of the Elementary and Secondary Education Act of 1965 (20 U.S.C. 7801).

"(3) REGULATORY AUTHORITIES.—The Secretary of Labor shall have the authority to issue regulations for good cause under sections 553(b)(B) and 553(d)(A) of title 5, United States Code—

"(A) to exclude certain health care providers and emergency responders from the definition of eligible employee under section 110(a)(1)(A); and

"(B) to exempt small businesses with fewer than 50 employees from the requirements of section 102(a)(1)(F) when the imposition of such requirements would jeopardize the viability of the business as a going concern.

"(b) RELATIONSHIP TO PAID LEAVE.—

"(1) UNPAID LEAVE FOR INITIAL 10 DAYS.—

"(A) IN GENERAL.—The first 10 days for which an employee takes leave under section 102(a)(1)(F) may consist of unpaid leave.

"(B) EMPLOYEE ELECTION.—An employee may elect to substitute any accrued vacation leave, personal leave, or medical or sick leave for unpaid leave under section 102(a)(1)(F) in accordance with section 102(d)(2)(B).

"(2) PAID LEAVE FOR SUBSEQUENT DAYS.—

"(A) IN GENERAL.—An employer shall provide paid leave for each day of leave under section 102(a)(1)(F) that an employee takes after taking leave under such section for 10 days.

"(B) CALCULATION.—

"(i) IN GENERAL.—Subject to clause (ii), paid leave under subparagraph (A) for an employee shall be calculated based on—

"(I) an amount that is not less than two-thirds of an employee's regular rate of pay (as determined under section 7(e) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(e)); and

"(II) the number of hours the employee would otherwise be normally scheduled to work (or the number of hours calculated under subparagraph (C)).

"(ii) CLARIFICATION.—In no event shall such paid leave exceed $200 per day and $10,000 in the aggregate.

"(C) VARYING SCHEDULE HOURS CALCULATION.—In the case of an employee whose schedule varies from week to week to such an extent that an employer is unable to determine with certainty the number of hours the employee would have worked if such employee had not taken leave under section 102(a)(1)(F), the employer shall use the following in place of such number:

"(i) Subject to clause (ii), a number equal to the average number of hours that the employee was scheduled per day over the 6-month period ending on the date on which the employee takes such leave, including hours for which the employee took leave of any type. <span style="float:right">Time period.</span>

"(ii) If the employee did not work over such period, the reasonable expectation of the employee at the time of hiring of the average number of hours per day that the employee would normally be scheduled to work.

"(c) NOTICE.—In any case where the necessity for leave under section 102(a)(1)(F) for the purpose described in subsection (a)(2)(A)(iii) is foreseeable, an employee shall provide the employer with such notice of leave as is practicable.

"(d) RESTORATION TO POSITION.—

"(1) IN GENERAL.—Section 104(a)(1) shall not apply with respect to an employee of an employer who employs fewer than 25 employees if the conditions described in paragraph (2) are met.

"(2) CONDITIONS.—The conditions described in this paragraph are the following:

"(A) The employee takes leave under section 102(a)(1)(F).

"(B) The position held by the employee when the leave commenced does not exist due to economic conditions or other changes in operating conditions of the employer—

"(i) that affect employment; and

"(ii) are caused by a public health emergency during the period of leave.

"(C) The employer makes reasonable efforts to restore the employee to a position equivalent to the position the employee held when the leave commenced, with equivalent employment benefits, pay, and other terms and conditions of employment.

"(D) If the reasonable efforts of the employer under subparagraph (C) fail, the employer makes reasonable efforts during the period described in paragraph (3) to contact the employee if an equivalent position described in subparagraph (C) becomes available.

"(3) CONTACT PERIOD.—The period described under this paragraph is the 1-year period beginning on the earlier of—

"(A) the date on which the qualifying need related to a public health emergency concludes; or

"(B) the date that is 12 weeks after the date on which the employee's leave under section 102(a)(1)(F) commences.".

29 USC 2620 note.

### SEC. 3103. EMPLOYMENT UNDER MULTI-EMPLOYER BARGAINING AGREEMENTS.

(a) EMPLOYERS.—An employer signatory to a multiemployer collective bargaining agreement may, consistent with its bargaining obligations and its collective bargaining agreement, fulfill its obligations under section 110(b)(2) of title I of the Family and Medical Leave Act of 1993, as added by the Families First Coronavirus Response Act, by making contributions to a multiemployer fund, plan, or program based on the paid leave each of its employees is entitled to under such section while working under the multiemployer collective bargaining agreement, provided that the fund, plan, or program enables employees to secure pay from such fund, plan, or program based on hours they have worked under the multiemployer collective bargaining agreement for paid leave taken under section 102(a)(1)(F) of title I of the Family and Medical Leave Act of 1993, as added by the Families First Coronavirus Response Act.

(b) EMPLOYEES.—Employees who work under a multiemployer collective bargaining agreement into which their employers make contributions as provided in subsection (a) may secure pay from such fund, plan, or program based on hours they have worked under the multiemployer collective bargaining agreement for paid leave taken under section 102(a)(1)(F) of title I of the Family and Medical Leave Act of 1993, as added by the Families First Coronavirus Response Act.

29 USC 2620 note.

### SEC. 3104. SPECIAL RULE FOR CERTAIN EMPLOYERS.

An employer under 110(a)(B) shall not be subject to section 107(a) for a violation of section 102(a)(1)(F) if the employer does not meet the definition of employer set forth in Section 101(4)(A)(i).

29 USC 2620 note.

### SEC. 3105. SPECIAL RULE FOR HEALTH CARE PROVIDERS AND EMERGENCY RESPONDERS.

An employer of an employee who is a health care provider or an emergency responder may elect to exclude such employee from the application of the provisions in the amendments made under of section 3102 of this Act.

29 USC 2620 note.

### SEC. 3106. EFFECTIVE DATE.

This Act shall take effect not later than 15 days after the date of enactment of this Act.

Emergency Unemployment Insurance Stabilization and Access Act of 2020.

# DIVISION D—EMERGENCY UNEMPLOYMENT INSURANCE STABILIZATION AND ACCESS ACT OF 2020

42 USC 1305 note.

### SEC. 4101. SHORT TITLE.

This division may be cited as the "Emergency Unemployment Insurance Stabilization and Access Act of 2020".

### SEC. 4102. EMERGENCY TRANSFERS FOR UNEMPLOYMENT COMPENSATION ADMINISTRATION.

(a) IN GENERAL.—Section 903 of the Social Security Act (42 U.S.C. 1103) is amended by adding at the end the following:

**SEC. 4105. FULL FEDERAL FUNDING OF EXTENDED UNEMPLOYMENT COMPENSATION FOR A LIMITED PERIOD.**

26 USC 3304 note.

(a) IN GENERAL.—In the case of sharable extended compensation and sharable regular compensation paid for weeks of unemployment beginning after the date of the enactment of this section and before December 31, 2020 (and only with respect to States that receive emergency administration grant funding under clauses (i) and (ii) of section 903(h)(1)(C) of the Social Security Act (42 U.S.C. 1102(h)(1)(C))), section 204(a)(1) of the Federal-State Extended Unemployment Compensation Act of 1970 (26 U.S.C. 3304 note) shall be applied by substituting "100 percent of" for "one-half of".

Applicability.

(b) TEMPORARY FEDERAL MATCHING FOR THE FIRST WEEK OF EXTENDED BENEFITS FOR STATES WITH NO WAITING WEEK.—With respect to weeks of unemployment beginning after the date of the enactment of this Act and ending on or before December 31, 2020, subparagraph (B) of section 204(a)(2) of the Federal-State Extended Unemployment Compensation Act of 1970 (26 U.S.C. 3304 note) shall not apply.

(c) DEFINITIONS.—For purposes of this section—

(1) the terms "sharable extended compensation" and "sharable regular compensation" have the respective meanings given such terms under section 204 of the Federal-State Extended Unemployment Compensation Act of 1970; and

(2) the term "week" has the meaning given such term under section 205 of the Federal-State Extended Unemployment Compensation Act of 1970.

(d) REGULATIONS.—The Secretary of Labor may prescribe any operating instructions or regulations necessary to carry out this section.

# DIVISION E—EMERGENCY PAID SICK LEAVE ACT

Emergency Paid Sick Leave Act.

**SEC. 5101. SHORT TITLE.**

29 USC 2601 note.

This Act may be cited as the "Emergency Paid Sick Leave Act".

**SEC. 5102. PAID SICK TIME REQUIREMENT.**

29 USC 2601 note.

(a) IN GENERAL.—An employer shall provide to each employee employed by the employer paid sick time to the extent that the employee is unable to work (or telework) due to a need for leave because:

(1) The employee is subject to a Federal, State, or local quarantine or isolation order related to COVID–19.

(2) The employee has been advised by a health care provider to self-quarantine due to concerns related to COVID–19.

(3) The employee is experiencing symptoms of COVID–19 and seeking a medical diagnosis.

(4) The employee is caring for an individual who is subject to an order as described in subparagraph (1) or has been advised as described in paragraph (2).

(5) The employee is caring for a son or daughter of such employee if the school or place of care of the son or daughter

has been closed, or the child care provider of such son or daughter is unavailable, due to COVID–19 precautions.

Consultation.

(6) The employee is experiencing any other substantially similar condition specified by the Secretary of Health and Human Services in consultation with the Secretary of the Treasury and the Secretary of Labor.

Except that an employer of an employee who is a health care provider or an emergency responder may elect to exclude such employee from the application of this subsection.

(b) DURATION OF PAID SICK TIME.—

(1) IN GENERAL.—An employee shall be entitled to paid sick time for an amount of hours determined under paragraph (2).

(2) AMOUNT OF HOURS.—The amount of hours of paid sick time to which an employee is entitled shall be as follows:

(A) For full-time employees, 80 hours.

(B) For part-time employees, a number of hours equal to the number of hours that such employee works, on average, over a 2-week period.

(3) CARRYOVER.—Paid sick time under this section shall not carry over from 1 year to the next.

(c) EMPLOYER'S TERMINATION OF PAID SICK TIME.—Paid sick time provided to an employee under this Act shall cease beginning with the employee's next scheduled workshift immediately following the termination of the need for paid sick time under subsection (a).

(d) PROHIBITION.—An employer may not require, as a condition of providing paid sick time under this Act, that the employee involved search for or find a replacement employee to cover the hours during which the employee is using paid sick time.

(e) USE OF PAID SICK TIME.—

(1) IN GENERAL.—The paid sick time under subsection (a) shall be available for immediate use by the employee for the purposes described in such subsection, regardless of how long the employee has been employed by an employer.

(2) SEQUENCING.—

(A) IN GENERAL.—An employee may first use the paid sick time under subsection (a) for the purposes described in such subsection.

(B) PROHIBITION.—An employer may not require an employee to use other paid leave provided by the employer to the employee before the employee uses the paid sick time under subsection (a).

29 USC 2601 note.

**SEC. 5103. NOTICE.**

(a) IN GENERAL.—Each employer shall post and keep posted, in conspicuous places on the premises of the employer where notices to employees are customarily posted, a notice, to be prepared or approved by the Secretary of Labor, of the requirements described in this Act.

Public information.

(b) MODEL NOTICE.—Not later than 7 days after the date of enactment of this Act, the Secretary of Labor shall make publicly available a model of a notice that meets the requirements of subsection (a).

29 USC 2601 note.

**SEC. 5104. PROHIBITED ACTS.**

It shall be unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who—

(1) takes leave in accordance with this Act; and
(2) has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act (including a proceeding that seeks enforcement of this Act), or has testified or is about to testify in any such proceeding.

**SEC. 5105. ENFORCEMENT.**

29 USC 2601 note.

(a) UNPAID SICK LEAVE.—An employer who violates section 5102 shall—
(1) be considered to have failed to pay minimum wages in violation of section 6 of the Fair Labor Standards Act of 1938 (29 U.S.C. 206); and
(2) be subject to the penalties described in sections 16 and 17 of such Act (29 U.S.C. 216; 217) with respect to such violation.

(b) UNLAWFUL TERMINATION.—An employer who willfully violates section 5104 shall—
(1) be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. 215(a)(3)); and
(2) be subject to the penalties described in sections 16 and 17 of such Act (29 U.S.C. 216; 217) with respect to such violation.

**SEC. 5106. EMPLOYMENT UNDER MULTI-EMPLOYER BARGAINING AGREEMENTS.**

29 USC 2601 note.

(a) EMPLOYERS.—An employer signatory to a multiemployer collective bargaining agreement may, consistent with its bargaining obligations and its collective bargaining agreement, fulfill its obligations under this Act by making contributions to a multiemployer fund, plan, or program based on the hours of paid sick time each of its employees is entitled to under this Act while working under the multiemployer collective bargaining agreement, provided that the fund, plan, or program enables employees to secure pay from such fund, plan, or program based on hours they have worked under the multiemployer collective bargaining agreement and for the uses specified under section 5102(a).

(b) EMPLOYEES.—Employees who work under a multiemployer collective bargaining agreement into which their employers make contributions as provided in subsection (a) may secure pay from such fund, plan, or program based on hours they have worked under the multiemployer collective bargaining agreement for the uses specified in section 5102(a).

**SEC. 5107. RULES OF CONSTRUCTION.**

29 USC 2601 note.

Nothing in this Act shall be construed—
(1) to in any way diminish the rights or benefits that an employee is entitled to under any—
(A) other Federal, State, or local law;
(B) collective bargaining agreement; or
(C) existing employer policy; or
(2) to require financial or other reimbursement to an employee from an employer upon the employee's termination, resignation, retirement, or other separation from employment for paid sick time under this Act that has not been used by such employee.

29 USC 2601 note.

**SEC. 5108. EFFECTIVE DATE.**

This Act, and the requirements under this Act, shall take effect not later than 15 days after the date of enactment of this Act.

29 USC 2601 note.

**SEC. 5109. SUNSET.**

This Act, and the requirements under this Act, shall expire on December 31, 2020.

29 USC 2601 note.

**SEC. 5110. DEFINITIONS.**

For purposes of the Act:

(1) EMPLOYEE.—The terms "employee" means an individual who is—

(A)(i) an employee, as defined in section 3(e) of the Fair Labor Standards Act of 1938 (29 U.S.C. 203(e)), who is not covered under subparagraph (E) or (F), including such an employee of the Library of Congress, except that a reference in such section to an employer shall be considered to be a reference to an employer described in clauses (i)(I) and (ii) of paragraph (5)(A); or

(ii) an employee of the Government Accountability Office;

(B) a State employee described in section 304(a) of the Government Employee Rights Act of 1991 (42 U.S.C. 2000e–16c(a));

(C) a covered employee, as defined in section 101 of the Congressional Accountability Act of 1995 (2 U.S.C. 1301), other than an applicant for employment;

(D) a covered employee, as defined in section 411(c) of title 3, United States Code;

(E) a Federal officer or employee covered under subchapter V of chapter 63 of title 5, United States Code; or

(F) any other individual occupying a position in the civil service (as that term is defined in section 2101(1) of title 5, United States Code).

(2) EMPLOYER.—

(A) IN GENERAL.—The term "employer" means a person who is—

(i)(I) a covered employer, as defined in subparagraph (B), who is not covered under subclause (V);

(II) an entity employing a State employee described in section 304(a) of the Government Employee Rights Act of 1991;

(III) an employing office, as defined in section 101 of the Congressional Accountability Act of 1995;

(IV) an employing office, as defined in section 411(c) of title 3, United States Code; or

(V) an Executive Agency as defined in section 105 of title 5, United States Code, and including the U.S. Postal Service and the Postal Regulatory Commission; and

(ii) engaged in commerce (including government), or an industry or activity affecting commerce (including government), as defined in subparagraph (B)(iii).

(B) COVERED EMPLOYER.—

(i) IN GENERAL.—In subparagraph (A)(i)(I), the term "covered employer"—

(I) means any person engaged in commerce or in any industry or activity affecting commerce that—

(aa) in the case of a private entity or individual, employs fewer than 500 employees; and

(bb) in the case of a public agency or any other entity that is not a private entity or individual, employs 1 or more employees;

(II) includes—

(aa) includes any person acting directly or indirectly in the interest of an employer in relation to an employee (within the meaning of such phrase in section 3(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 203(d)); and

(bb) any successor in interest of an employer;

(III) includes any "public agency", as defined in section 3(x) of the Fair Labor Standards Act of 1938 (29 U.S.C. 203(x)); and

(IV) includes the Government Accountability Office and the Library of Congress.

(ii) PUBLIC AGENCY.—For purposes of clause (i)(IV), a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce.

(iii) DEFINITIONS.—For purposes of this subparagraph:

(I) COMMERCE.—The terms "commerce" and "industry or activity affecting commerce" means any activity, business, or industry in commerce or in which a labor dispute would hinder or obstruct commerce or the free flow of commerce, and include "commerce" and any "industry affecting commerce", as defined in paragraphs (1) and (3) of section 501 of the Labor Management Relations Act of 1947 (29 U.S.C. 142 (1) and (3)).

(II) EMPLOYEE.—The term "employee" has the same meaning given such term in section 3(e) of the Fair Labor Standards Act of 1938 (29 U.S.C. 203(e)).

(III) PERSON.—The term "person" has the same meaning given such term in section 3(a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 203(a)).

(3) FLSA TERMS.—The terms "employ" and "State" have the meanings given such terms in section 3 of the Fair Labor Standards Act of 1938 (29 U.S.C. 203).

(4) FMLA TERMS.—The terms "health care provider" and "son or daughter" have the meanings given such terms in section 101 of the Family and Medical Leave Act of 1993 (29 U.S.C. 2611).

(5) PAID SICK TIME.—

(A) IN GENERAL.—The term "paid sick time" means an increment of compensated leave that—

     (i) is provided by an employer for use during an absence from employment for a reason described in any paragraph of section 2(a); and
     (ii) is calculated based on the employee's required compensation under subparagraph (B) and the number of hours the employee would otherwise be normally scheduled to work (or the number of hours calculated under subparagraph (C)), except that in no event shall such paid sick time exceed—
      (I) $511 per day and $5,110 in the aggregate for a use described in paragraph (1), (2), or (3) of section 5102(a); and
      (II) $200 per day and $2,000 in the aggregate for a use described in paragraph (4), (5), or (6) of section 5102(a).
    (B) REQUIRED COMPENSATION.—
     (i) IN GENERAL.—Subject to subparagraph (A)(ii), the employee's required compensation under this subparagraph shall be not less than the greater of the following:
      (I) The employee's regular rate of pay (as determined under section 7(e) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(e)).
      (II) The minimum wage rate in effect under section 6(a)(1) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(a)(1)).
      (III) The minimum wage rate in effect for such employee in the applicable State or locality, whichever is greater, in which the employee is employed.
     (ii) SPECIAL RULE FOR CARE OF FAMILY MEMBERS.—Subject to subparagraph (A)(ii), with respect to any paid sick time provided for any use described in paragraph (4), (5), or (6) of section 5102(a), the employee's required compensation under this subparagraph shall be two-thirds of the amount described in clause (B)(i).
    (C) VARYING SCHEDULE HOURS CALCULATION.—In the case of a part-time employee described in section 5102(b)(2)(B) whose schedule varies from week to week to such an extent that an employer is unable to determine with certainty the number of hours the employee would have worked if such employee had not taken paid sick time under section 2(a), the employer shall use the following in place of such number:

*Time period.*

     (i) Subject to clause (ii), a number equal to the average number of hours that the employee was scheduled per day over the 6-month period ending on the date on which the employee takes the paid sick time, including hours for which the employee took leave of any type.
     (ii) If the employee did not work over such period, the reasonable expectation of the employee at the time of hiring of the average number of hours per day that the employee would normally be scheduled to work.
    (D) GUIDELINES.—Not later than 15 days after the date of the enactment of this Act, the Secretary of Labor

shall issue guidelines to assist employers in calculating the amount of paid sick time under subparagraph (A).

(E) REASONABLE NOTICE.—After the first workday (or portion thereof) an employee receives paid sick time under this Act, an employer may require the employee to follow reasonable notice procedures in order to continue receiving such paid sick time.

### SEC. 5111. REGULATORY AUTHORITIES.

29 USC 2601 note.

The Secretary of Labor shall have the authority to issue regulations for good cause under sections 553(b)(B) and 553(d)(A) of title 5, United States Code—

(1) to exclude certain health care providers and emergency responders from the definition of employee under section 5110(1) including by allowing the employer of such health care providers and emergency responders to opt out;

(2) to exempt small businesses with fewer than 50 employees from the requirements of section 5102(a)(5) when the imposition of such requirements would jeopardize the viability of the business as a going concern; and

(3) as necessary, to carry out the purposes of this Act, including to ensure consistency between this Act and Division C and Division G of the Families First Coronavirus Response Act.

# DIVISION F—HEALTH PROVISIONS

### SEC. 6001. COVERAGE OF TESTING FOR COVID–19.

42 USC 1320b–5 note.
Effective date.

(a) IN GENERAL.—A group health plan and a health insurance issuer offering group or individual health insurance coverage (including a grandfathered health plan (as defined in section 1251(e) of the Patient Protection and Affordable Care Act)) shall provide coverage, and shall not impose any cost sharing (including deductibles, copayments, and coinsurance) requirements or prior authorization or other medical management requirements, for the following items and services furnished during any portion of the emergency period defined in paragraph (1)(B) of section 1135(g) of the Social Security Act (42 U.S.C. 1320b–5(g)) beginning on or after the date of the enactment of this Act:

(1) In vitro diagnostic products (as defined in section 809.3(a) of title 21, Code of Federal Regulations) for the detection of SARS–CoV–2 or the diagnosis of the virus that causes COVID–19 that are approved, cleared, or authorized under section 510(k), 513, 515 or 564 of the Federal Food, Drug, and Cosmetic Act, and the administration of such in vitro diagnostic products.

(2) Items and services furnished to an individual during health care provider office visits (which term in this paragraph includes in-person visits and telehealth visits), urgent care center visits, and emergency room visits that result in an order for or administration of an in vitro diagnostic product described in paragraph (1), but only to the extent such items and services relate to the furnishing or administration of such product or to the evaluation of such individual for purposes of determining the need of such individual for such product.